In the Matter of the Claim of IRVING VELEY, Respondent, v. BORDEN COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant has an award for total disability from January 22, 1957 to February 26, 1959 and one point raised on appeal is that for a portion of this time, during five weeks in 1957, he worked full time for another employer, which would be a fact inconsistent with total disability. We examine first whether that point is procedurally available on this appeal. The award here reviewed was made March 9, 1959 and the application of the employer to review it was made March 30, 1959. These were both after the effective date of the amendment to section 23 of the Workmen's Compensation Law, on September 1, 1958 (L. 1958, ch. 974), which requires the board to decide an application for modification or revision of an award "on the issues raised" on such application; and this, in turn, becomes the frame of the appeal to this court. (*Matter of La Barge* v. *Mercy General Hosp.*, 12 A D 2d 689.) No such argument of inconsistency was made by appellant on its application to review; and the implication of the application for review as actually made is that the employment with the other employer, a dairy, was before the period of total disability found, i.e., in February, 1956. It seems clear from the record that the employer had the same knowledge of the actual facts of the time of such employment at the time it made its application for review as it has now. Appellant seems to argue inferentially on appeal that there was no accident on October 20, 1953; but the employer's own report of injury on November 5, 1953 described the accident and gave its date as October 20; and on the first hearing, April 4, 1957 the occurrence of the accident was not contested by appellant, although it was raised later. Claimant testified to the occurrence of the accident and a physician employed by appellant treated claimant and gave him "pills" for

pain he complained of from time to time. Although claimant continued to work during this period, the employer had notice through its physician that there was a continuance of some physical disability. A physician testified for claimant that on January 22, 1957 when he made a physical examination, the pain in his neck and head due to the accident in 1953 was such that "he just was not able to continue working". The board found this date as the beginning of total disability. We think on this record there is substantial medical evidence to sustain this finding although it is a close question and one vigorously contested by appellant. Even appellant's medical examiners would support a finding of partial disability during this period. One reported to appellant on March 13, 1957: "This patient has a head pain that would appear to be reasonably referable to the injury he sustained. He is partially disabled according to his story, there is no objective method of determining the degree, except when he is under medication. Prognosis in these cases is notoriously unreliable, the majority of patients clear within a matter of a few months while others persist indefinitely. Because of the reported cervical arthritis I rather suspect that this is going to be a long, drawn out thing." In affirming the award we leave the question open for re-examination by the board if it be so advised, whether claimant actually worked during any period for which total disability has been allowed. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.