THIRD DEPARTMENT, JULY, 1964

(July 2, 1964)

■ In the Matter of the Claim of ELIZABETH F. REDDER et al., Respondents, v. VILLAGE OF CLYDE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. By notice of decision dated·May 8, 1962, accident, notice and causal relationship were found by the Referee and an award was made to the respondent widow for death benefits. On May 16, 1962, counsel for the appellants sent a letter to the board requesting review and rescission of the award "upon the grounds that the decision of the Referee is contrary to the facts and the law applicable hereto." This letter also stated that a " [m]emorandum in support of the contentions of this self-insured employer" would be submitted "within the immediate future" and the board was requested to hold the matter "in abeyance pending receipt of said memorandum". The board replied on May 31, 1962, and advised "that pursuant to Rule 13 of the Board Rules and Procedures, an application for review in the first instance, must state the specific grounds upon which such application is based." The board's reply further stated: "Please submit your detailed application forthwith." Having received no response the board on July 26, 1962, entered an order which stated in part: "The Board finds that inasmuch as ample time has elapsed and an application complying with the requirements of the provisions of Rule 13 of the Board's Rules and Procedures has not been submitted, the self-insured employer's application for review should be denied." The appellants served a notice of appeal from the order, the board moved to dismiss the appeal and, in denying the motion, we stated in our decision of December 6, 1962 (18 A D 2d 970): "The court has jurisdiction of the appeal from the board's decision whether or not the court would determine ultimately the board was right in refusing to review the Referee's decision." Pursuant to section 117 of the Workmen's Compensation Law the board had duly adopted rule 13 (12 N Y C R R 300.13), which provides: "Application for review. (a) An application to the board to review any decision of a referee shall be in writing and shall specify the grounds thereof. It may be accompanied by a reference to or excerpt from the official minutes or such part thereof as is relevant to the issue raised. Such application shall be filed within 30 days after the decision is made by the referee as to any party present or represented at the hearing at which decision is made, or if decision is reserved, and as to any party not so present or represented, within 30 days after notice of filing the decision. (b) The board in its discretion may deny such application without further hearing or may direct that a hearing be held before the board for argument on the application. If the application is

granted the review shall be had upon the evidence in the record, unless otherwise determined by the board. Upon such review the board may affirm, reverse or modify any decision or award as the law and the facts may require, or take such other action as may be in the interest of justice." Moreover as we said in *Matter of La Barge* v. *Mercy Gen. Hosp.* (12 A D 2d 689, 690, mot. for lv. to app. den. 9 N Y 2d 610): "Section 23 of the Workmen's Compensation Law, as amended by chapter 974 of the Laws of 1958, provides, in part: 'the board shall make its decision upon such application in writing and shall include in such decision a statement of the facts which formed the basis of its action on the issues raised before it on such application.' This would seem to require the board to include in its decision only issues 'raised' in a written application for a review." The mere statement that the decision of the Referee was "contrary to the facts and the law applicable [t]hereto" constituted neither "issues raised before it [the Board] on such application" pursuant to section 23 of the Workmen's Compensation Law nor compliance with the rule. In *Matter of Hedlund* v. *United Exposition Decorating Co.* (15 A D 2d 973, 975, mot. for lv. to app. den. 11 N Y 2d 646) we said: "This question was neither raised before the board nor passed upon by it. Appellants may not create this issue for the first time in this court." And in *Matter of Chersi* v. *Lulich Constr. Co.* (19 A D 2d 672, 673) we held: "the question is not available on this appeal since it was not raised in the application for review before the board." After the denial no application was made to the board for reconsideration based on reasonable excuse for the delay and for permission to file specifications. Consequently there is nothing before us to indicate that the board was in any manner arbitrary or unreasonable and on this record we find that it was not. We note that on the board's motion to dismiss the appeal an affidavit was submitted by the appellant's attorney attributing the absence of compliance to pressure of business and impaired health. But as an immediate appeal was taken from the board's order and the affidavit was not before the board when it denied the application, it may not be considered here on the reasonableness of the board's conduct in refusing review. The notice of appeal is not only from the order of denial but purportedly also from the decision of the Referee. A direct appeal from the Referee's decision is impermissible under section 23 of the Workmen's Compensation Law. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.