■ In the Matter of the Claim of ALICE LUFTIG, Respondent, v. STEVENSON PIE Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board awarding claimant death benefits. The deceased was employed as a bakery routeman and while working on July 9, 1962 experienced chest pains and was taken to a hospital where his condition was diagnosed as acute myocardial infarction. He returned to his home on August 5, 1962 and on August 17 was returned to the hospital where he died. A subsequent autopsy stated that the cause of death was "cardiac failure secondary to acute myocardial infarction". There was testimony by the claimant, her son and fellow employees of the decedent that he had just completed deliveries to Woolworth's, known in the trade as a "hard stop" because after taking articles from the truck, it was necessary to walk a considerable distance into the store to make deliveries and then to return to the truck. After completing this delivery and while driving the truck to another designation, the decedent suffered the pain which caused him to stop the truck and with the aid of a policeman, go to the hospital. The accident happened on Monday and deliveries on that day were approximately 20% higher than other weekdays. The electrocardiogram taken shortly after his arrival at the hospital confirmed the diagnosis of acute myocardial infarction to the anterior wall. The board found that the work he was doing on the date of the accident was of sufficient strain to cause the heart accident and contributed to his death approximately two weeks thereafter. The autopsy revealed that there was an underlying arteriosclerotic heart disease. One of the doctors for the claimant testified that the strain on the date of the accident "could be a precipitating factor in the onset of his myocardial infarct". Another doctor, when asked his opinion, stated "I think the incident of his work on July 9, 1962 contributed to the triggering of a myocardial infarction of the anteroseptal wall". They were both of the opinion that there was causal

relation between the work and the heart episode. The doctor for the carrier examined the decedent on August 6, 1962 and found that he was suffering, among other things, from a recent acute myocardial infarction in the recovery phase and this doctor was also present when the decedent died from another acute myocardial infarction in about the same part of the heart but "the emphasis was in a different area". Another doctor, testifying from the medical reports and hypothetical questions, was of the opinion that there was no relationship between the incident on July 9 and the subsequent heart attacks resulting in his death. The doctor's testimony, however, was considerably weakened as a result of further questioning and he admitted that the amount of exertion or the amount of effort is a matter of degree when considered in relation to heart accidents. Upon this record, there was substantial evidence to sustain the finding of the board. Such additional arguments advanced by the appellant as to the failure to have the history of the accident in the hospital records, and the testimony of the wife and the son, concern either the weight of the evidence or the credibility of the witnesses which matters are exclusively within the province of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor and Aulisi, JJ., concur; Reynolds, J., dissents in the following memorandum: In my opinion there is no industrial accident here (see dissent in *Mandelblatt* v. *Gold Star Baking Corp., 22 A D 2d 966).