■ In the Matter of the Claim of LILLIAN RAWLINGS, Respondent, v. RELIABLE SAMPLE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—*Per Curiam*. Appeal is taken from a decision so involved in confusion and procedural snarls as effectively to prevent any clear delineation of the issues and consequent determination of the merits; and remittal for clarification is required. By decision of a Referee, it was found that there was no disability beyond the date to which award was made and the case was closed. There was then filed, apparently 34 days later, a physician's statement on the board's form C-27, intended to show a change in condition, to support an application for reopening of the claim; and in the record on appeal, certified by the secretary of the board, the statement is, in substance, thus designated. Without filing of any additional papers, or any further action, so far as appears, the case came on for hearing before a panel of the board; at which time the carrier's attorney, after stating that the file disclosed no application for review, inquired as to the purpose of the hearing. Claimant's attorney "thought" that the case "must have been reopened on a C-27" and a board member said that the panel would "hear both sides on the C-27". This remark, which was not entirely clear, was ultimately followed by a panel decision which we have difficulty in construing. The board's brief, while informing us that a decision rendered upon review of the Referee's determination was intended, argues also that the board's action can be sustained as a decision granting an application to reopen. Obviously, there would be a wide variance between the legal and factual issues involved, if reopening rather than appellate review and reversal were intended. Although the proceedings had upon and subsequent to the decision appear more nearly consistent with an appeal and determination upon the merits, it would seem difficult to equate a physician's report with the party's written application for review required by the statute (Workmen's Compensation Law, § 23), or to ignore such problems as, among others, the question of timeliness and the board decision's assignment of evidentiary weight, supportive of an award, to the application itself. On the other hand, treatment of the board's action as a mere reopening of the case would seem to be at variance with some of the board's findings and with its subsequent procedures and decisions and, perhaps, with

its rule 14 as well. We do not conceive it to be our function to explore the board's intention and all possible, but unspecified, grounds of its ultimate determination and thereupon to justify or reject each possibility. The board should state "the basis of its action" and define "the issues raised before it on [the] application" (Workmen's Compensation Law, § 23) as it conceived and treated them; so as to render a decision adequate to permit intelligent judicial review. Decisions reversed and matter remitted for additional findings in clarification of the decisions appealed from, or for other proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.