■ In the Matter of the Claim of WALTER LEARY, Respondent, v WARD BAKING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 13, 1976. This case presents a narrow procedural question. Claimant appealed a referee's decision that his accident did not arise out of and during the course of his employment and, additionally, that his claim was not timely filed. The board agreed with him, reversed the referee's decision on those specific issues, and restored the case to the referee calendar for further consideration of all other issues. The employer and its carrier appealed. Subsequently, the referee made a finding of accident, notice and causal relation following a hearing at which the only objection by the carrier concerned the proper rate of compensation. Upon further application to the board for review, the referee's award was affirmed. There was no appeal from that decision of the board. On this appeal, appellants ask that the award be disallowed by reason of claimant's failure to comply with the notice requirements of section 18 of the Workers' Compensation Law or show reasons excusing such compliance. Since that topic was never raised before the *board* and, accordingly, was never passed upon by it in the decision appealed from, the issue is not before this court on appeal. In order to raise such an issue, it must first be particularized in an application for review to the board (Workers' Compensation Law, § 23; 12 NYCRR 300.13; *Matter of Redder v Village of Clyde,* 21 AD2d 917; *Matter of Hedlund v United Exposition Decorating Co.,* 15 AD2d 973). Decision affirmed, with costs to the Workers' Compensation Board. Kane, Main and Mikoll, JJ., concur; Mahoney, P. J., and Larkin, J., concur in a separate memorandum by Mahoney, P. J. Mahoney, P. J. (concurring). The claimant filed a claim for compensation on August 10, 1973 alleging he had suffered a compensable heart attack on either August 16 or August 23, 1971. The referee disallowed the claim because: (1) the disability did not arise out of the employment, and (2) claimant had failed to file his claim within the time prescribed in section 28 of the Workers' Compensation Law (unless otherwise indicated all statutory references are to the Workers' Compensation Law). The employer had also argued before the referee that no timely notice of the claim had been given the employer and so the claim was barred by section 18. The referee did not reach this last question. The claimant (being the only party aggrieved by the referee's decision) appealed the dismissal of the claim to the board. The memorandum decision of the board expressly reversed the referee's conclusions as to both the question of work-relatedness and timely claim under section 28. However, the board did not make a ruling as to whether claimant had given the employer the notice required by section 18. The claimant had alleged oral notice had been given to an unidentified foreman. Rather than rule on the section 18 question, the board's decision

stated that "the Referee decision is REVERSED. Findings are made as above. Case is restored to the Referee Calendar on all other issues for further consideration. Referee is to decide." Thus, the employer had an ample opportunity to pursue the matter at the second referee's hearing. It failed to do so. On remand an award was made by the referee, and that award was appealed by the employer to the board. However, the application to the board to review the referee's award did not particularize the ground sought to be reviewed. It merely stated that—"This case [the August 13, 1976 decision of the board] is presently on appeal to the Appellate Division * * * To keep the record correct, however, it is necessary that we enter our formal objection to the award made by the referee. We ask therefore that your Board either review this determination of the Referee or issue a Board Order of denial for such further review. This will complete the Appellate Record." The board, in affirming the referee's award, noted that "[since] no new evidence has been submitted the decision of the Referee shall not be disturbed." No appeal was taken to this court from this final board decision. I agree with the majority that the employer has failed to preserve the section 18 question for review in this court. However, I do not agree with the suggestion that the employer was obliged to raise the question upon the *claimant's* appeal from the original referee's decision. The error occurred when the employer neglected to pursue its section 28 argument before the referee on remand. If the referee had found against the employer, it could have appealed that to the board, and failing there, to this court. The cases of *Matter of Redder v Village of Clyde* (21 AD2d 917) and *Matter of Hedlund v United Exposition Decorating Co.* (15 AD2d 973) involved referee awards appealed *by the employer* to the board and thus have no direct application to this case. The only board decision appealed from (that filed Aug. 13, 1976) was upon an application for review by the claimant. Had the employer appealed to this court from the second board decision, then *Redder* and *Hedlund* would be relevant. In its application for review of the referee's award the employer failed to specify the points it wished reviewed by the board. *Redder* and *Hedlund* require, in such a situation, that the application for board review specify the points of law which the appellant later seeks to assert in this court.