■ In the Matter of the Claim of MARION B. SMITH, Respondent, v SHADY LAWN HOME FOR ADULTS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workers' Compensation Board, filed July 8, 1977, as amended by decision filed January 16, 1978, and from a decision filed April 13, 1978, as amended by decision filed July 20, 1978. Claimant, a licensed practical nurse, testified that she sustained a terrific pain in her lower back at about 10:30 A.M. on May 6, 1974 while she was turning a mattress on one of the "Hollywood" style beds at the Shady Lawn Home for Adults. On May 28, 1974, she ceased working and reported to Mrs. Phyllis Hitt, owner of the home, that she was unable to work because she was under medical treatment. On October 22, 1974, one day

after a medical specialist diagnosed her injury as a herniated disc, claimant orally notified her employer of her back injury of May 6, 1974, and its work-related history. She filed her claim for compensation on February 27, 1975. Claimant never returned to work after May 28, 1974. The referee found that claimant sustained a compensable injury and that her employer had notice of the claim. On an application for review of the referee's decision to the board, no question was raised in the application as to the issue of notice but only as to the sufficiency of medical evidence to substantiate the award. The board affirmed the referee's decision and the appellants filed a notice of appeal. Thereafter, notices of decision were filed in which the referee made additional periodic awards to claimant. Appellants applied for a review of the legality of such subsequent awards pending appeal of the original decision. The board affirmed the right of the referee to make such additional awards. On this appeal, appellants contend (1) that the board's findings of accident and causal relation are not supported by substantial evidence, (2) that the board lacked jurisdiction to make continuing awards pending the appeal to the Appellate Division, and (3) that the claimant did not give notice as required by section 18 of the Workers' Compensation Law. We find that the issue of whether claimant met the notice requirements of section 18 of the Workers' Compensation Law has not been properly preserved for appellate review and we are, therefore, unable to pass upon such question *(Matter of Leary v Ward Baking Co.,* 63 AD2d 1065; *Matter of Prince v Kinney Rent-A-Car,* 41 AD2d 786, affd 33 NY2d 976; Workers' Compensation Law, § 23; 12 NYCRR 300.13). In its decision filed July 8, 1977, as amended by decisions, filed April 13, 1978 and July 20, 1978, the board found: "Dr. Ecker and Dr. Batts both gave causal relationship of claimant's back problems to the history as given." Appellants' primary argument is that since claimant failed to give doctors a history of the accident, the record does not contain substantial medical evidence to support the finding of accident and causal relationship. This history was known to and considered by Doctor Arthur Ecker, M.D., claimant's main medical witness, who testified with a reasonable degree of medical certainty that the accident described by claimant was causally related to her injury. The credibility of claimant was solely within the province of the board *(Matter of Celli v New York Tel. Co.,* 61 AD2d 1063; Workers' Compensation Law, § 20). The omission to give doctors her history was but one factor for the board to consider in determining credibility *(Matter of Luftig v Stevenson Pie Co.,* 23 AD2d 920). The medical opinions offered by Dr. Ecker and Dr. Batts were sufficient to justify the finding of causal relationship *(Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414). The determination of the board is, therefore, supported by substantial evidence *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). Finally, we find that the board had the power and jurisdiction to make continuing awards to claimant pending the appeal by the appellants to this court *(Matter of Parella v Harrod Steel Erection Co.,* 19 AD2d 451; Workers' Compensation Law, §§ 22, 123). Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.