■ In the Matter of the Claim of LINDA Y. BROWN, Respondent, v GRANDVIEW FLORIST et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J.

On January 17, 1978, claimant, walking en route from her place of employment to a nearby parking lot where her car was parked, fell in an icy alleyway. After substantial lapse of time, she filed a compensation claim which was indexed January 30, 1980 by the Workers' Compensation Board. The actual date of filing was not ascertained, because the record therein is located among files sealed or destroyed within the State Office Building in the City of Binghamton, Broome County, which was contaminated by PCBs. The claim was initially controverted on grounds of absence of accident, notice and causal relationship. At some point in the proceedings before the Hearing Officer, however, the carrier also defended on the basis of the filing of the claim beyond the two-year statutory limit (Workers' Compensation Law § 28). The Hearing Officer denied the claim based upon a finding of no accident. Claimant applied to the Board for review, which subsequently reversed and remitted for further development of the record on the question of causally related disability. The Board found that claimant sustained an accident arising

out of and in the course of employment and excused claimant's failure to have given timely written notice *(see,* Workers' Compensation Law § 18) on the ground that the employer had prompt actual knowledge of the accident and, accordingly, was not prejudiced by late written notice *(see, supra).*

On this appeal, the employer and carrier have restricted their arguments for reversal to issues relating to claimant's failure to timely comply with statutory notice and filing requirements. The employer's testimony at the hearing and initial report of injury amply support the Board's finding of timely actual notice. This, alone, afforded the Board a basis for exercising its discretion to excuse the delay in giving written notice under the circumstances presented here and without reference to the sufficiency of the evidence on the issue of prejudice *(see, Matter of Teague v Rockville Reconditioning Center,* 61 AD2d 874; *see also, Matter of Clemens v Allegheny Ludlum Steel Corp.,* 25 AD2d 899, 900, *lv denied* 18 NY2d 578).

The question of timely filing was not raised before the Board, although the employer and the carrier had opportunity to do so and did in fact object to the absence of timely notice. Consequently, this issue is not properly before this court on appeal *(see, Matter of Leary v Ward Baking Co.,* 63 AD2d 1065; *Matter of Benson v Grey Adv. Agency,* 15 AD2d 701, 702).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.