In the Matter of the Claim of ALPHONSE LEONE, Respondent, v ONEIDA COUNTY SHERIFF'S DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, May 9, 1991

**APPEARANCES OF COUNSEL**

*McDonough, Digby & Connelly (John F. McDonough* of counsel), for appellant.

*Robert Abrams, Attorney-General (Iris A. Steel* and *Jane Lauer Barker* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

WEISS, J.

In what appears to be a case of first impression, this court is called upon to decide whether a municipality, which, pursuant to General Municipal Law § 207-c, has paid both salary and the cost of medical treatment rendered to a police officer injured in the line of duty, is entitled to reimbursement of the amount paid for the medical treatment out of a schedule award subsequently received by the injured employee under the Workers' Compensation Law. Since in this case the amount of the wages paid was conceded to be a proper offset against the schedule award, the sole issue remaining is whether the cost of the medical treatment may also be credited against the schedule award.

The facts briefly stated are that claimant, a Deputy Sheriff, sustained personal injuries in a line-of-duty accident and was paid full wages during disability by the employer pursuant to General Municipal Law § 207-c. The employer also paid $241.58 for medical treatment rendered to claimant. The accident and injuries were found to be compensable under the Workers' Compensation Law and ultimately a schedule award of 15% loss of use of the left leg was made, with the additional sum of $5,760 to be paid to claimant pursuant to Workers' Compensation Law § 15. The employer, who is self-insured, reimbursed itself for both the wages and medical expenses it had paid pursuant to General Municipal Law § 207-c by deducting those amounts from the lump-sum schedule loss award it paid. Claimant challenged the deduction of the medical expenses and ultimately the Workers' Compensation Board affirmed the decision of a Workers' Compensation Law Judge holding that the employer was not entitled to take credit for the medical payments from the schedule loss award. The employer has appealed.

Workers' Compensation Law §§ 10 and 13 provide respectively for the payment of statutorily prescribed wages and medical treatment to an employee who sustains injuries arising out of and in the course of employment, with certain exclusions not here present. Police officers and firefighters have been afforded harmonious, interlocking, and even more

expansive benefits under General Municipal Law §§ 207-a and 207-c in that full wages are paid by the public employer during disability resulting from line-of-duty injuries. Additionally, that same statute provides that all medical expenses are to be paid by the employer. The problem originates with the provisions of Workers' Compensation Law § 30 (3), which provides, in pertinent part, that "any salary or wages paid to, *or* the *cost of any medical treatment* or hospital care provided for, such member under and pursuant to the provisions of section two hundred seven-c of the general municipal law *shall be credited against any award of compensation* to such member" (emphasis supplied).

It is a fundamental principle that the Workers' Compensation Law is to be liberally construed to accomplish the economic and humanitarian objects of the act *(Matter of Smith v Tompkins County Courthouse,* 60 NY2d 939, 941). General Municipal Law §§ 207-a and 207-c are equally remedial and, in addition, are tilted toward providing enhanced benefits for police officers and firefighters. The statute was enacted for the benefit of law enforcement and firefighting personnel injured in the line of duty and is to be construed liberally in their favor *(Matter of Crawford v Sheriff's Dept.,* 152 AD2d 382, 385, *lv denied* 76 NY2d 704; *Matter of Curley v Dilworth,* 96 AD2d 903, 904).

While General Municipal Law §§ 207-a and 207-c, by providing full wage coverage, are intentionally more generous than workers' compensation benefits, the literal interpretation of Workers' Compensation Law § 30 (3) appears to work a disadvantage to police officers and firefighters where the public employer is self-insured for workers' compensation purposes. As stated, medical payments are required to be provided by both the Workers' Compensation Law and the General Municipal Law. When, as here, the public employer is self-insured for workers' compensation coverage and elects to label the medical expenses as General Municipal Law §§ 207-a or 207-c benefits rather than Workers' Compensation Law § 13 benefits, the employer enjoys the ability to recover those expenditures from the employee's award of compensation. Thus, only police officers and firefighters are subject to this disadvantage.

We believe that General Municipal Law § 207-c must be interpreted harmoniously with the Workers' Compensation Law *(see, Matter of McKay v Town of W. Seneca,* 41 NY2d 931), and Workers' Compensation Law § 30 (3) must be interpreted consistently within its entire chapter *(see, Matter of*

*Hogan v Culkin,* 18 NY2d 330, 335). We find that the employer should not be able to recover medical expense payments from an injured employee's schedule award (Workers' Compensation Law § 15) by labeling medical expense payments other than Workers' Compensation Law § 13 payments. A contrary interpretation would single out firefighters and police officers to pay for their medical expenses from schedule awards, which potentially could result in the elimination of an entire award by the crediting of catastrophic or large medical expenses. Literal interpretation of the words will not be accorded when to do so will occasion a great inconvenience or produce inequity, injustice or absurdity *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 137).

Such an anomaly need not be found, nor the credit for medical expense rendered a nullity. The credit is clearly applicable to Workers' Compensation Law § 13 benefits. The employer or its carrier is mandated by Workers' Compensation Law § 13 to provide for the injured employees' medical expenses. If there is a carrier, the municipality may seek reimbursement from the carrier to the extent that the carrier has not been called upon to pay Workers' Compensation Law § 13 compensation benefits if the municipality already met this obligation under General Municipal Law § 207-c. Where, as here, the self-insured employer makes the mandated medical expense payments, the payments must be deemed, and we so hold, Workers' Compensation Law § 13 payments to which the employer is not entitled to reimbursement pursuant to Workers' Compensation Law § 30 (3). This is compatible with the statutory scheme and is essentially what the Workers' Compensation Board found. Accordingly, we affirm that decision.

MAHONEY, P. J., CASEY, LEVINE and MERCURE, JJ., concur.

Decision affirmed, without costs.