■ In the Matter of the Claim of HAROLD BROZZO, Respondent, v ST. JOE MINERALS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 24, 1990 and August 22, 1990, which ruled that claimant sustained an accidental injury in the course of his employment.

On February 8, 1982 claimant, a mine worker employed by St. Joe Minerals Corporation, a self-insured employer, was injured when a tool he was using in one of the employer's mines slipped, causing claimant to fall backwards. Although claimant testified that he hurt his neck in that accident, his overriding concern was the inordinate pain and swelling he experienced in his left elbow. Claimant reported the elbow pain to the employer's physician. X rays of the elbow revealed no break and the injury report indicated a contusion to the left elbow. Claimant returned to work. Thereafter, in August 1985, claimant went to see Edward Schwelnus, a chiropractor, complaining of weakness and numbness in his extremities. Schwelnus referred claimant to a neurological specialist. Claimant was diagnosed as having a bone spur and was operated on in November 1985 by Michael Owen. Claimant had told Owen that he had snapped his neck in the February 1982 accident. Owen filed medical reports with the Workers' Compensation Board stating that claimant's present injury was related to the February 1982 accident.

Thereafter, claimant filed a claim for compensation in January 1986 for the neck injury. The employer controverted the claim. After the initial hearing the case was established for the injury to the left elbow and continued with respect to the neck injury. After subsequent hearings, a decision was filed amending the prior decision to include the neck injury and making awards. The employer applied for Board review and, after argument before the Board, the Workers' Compensation Law Judge's determination was affirmed in a decision and amended decision. This appeal by the employer followed.

We affirm. Initially, the employer argues that the instant claim is untimely pursuant to Workers' Compensation Law §§ 18 and 28. Regardless of the merits of these defenses,

however, it is correctly stated that the employer waived any right to invoke these provisions. Specifically, with respect to the employer's Workers' Compensation Law § 28 defense, the Board found that this was waived because the employer did not raise an objection on that ground at the first hearing on such claim at which all parties in interest were present (Workers' Compensation Law § 28), on February 5, 1986. The employer's contention that the failure of claimant's attorney to attend that hearing somehow excuses its failure to invoke section 28 is without merit since the statute does not require that all parties be *represented,* merely present. Such a reading of the statute is consistent with the liberal interpretation in favor of employees which is to be given the Workers' Compensation Law *(see, Matter of Leone v Oneida County Sheriff's Dept.,* 166 AD2d 74; 65 NY Jur, Workers' Compensation Law, § 55, at 398-400). As for the employer's Workers' Compensation Law § 18 defense, that was also waived. While it is true that this section was invoked at the first hearing of the claim, the employer did not raise the section 18 defense in its application to the Board for review or in arguing before the Board. Accordingly, the Board did not rule on this issue and it is not properly before this court on appeal *(see, Matter of Brown v Grandview Florist,* 124 AD2d 313, 314; *Matter of Smith v Shady Lawn Home for Adults,* 67 AD2d 1069; *Matter of Leary v Ward Baking Co.,* 63 AD2d 1065).

Next, we disagree with the employer's argument that the finding of the Board of a compensable injury is not supported by substantial evidence. Claimant testified that although he snapped his neck in the 1982 accident, the pain in his neck was minimal at that time and that is why he was only concerned with mentioning the elbow he thought was broken. He testified, however, that his neck continued to bother him on and off through the years and became progressively worse until his legs were affected and it was difficult to walk. Claimant was ultimately operated on to relieve the spinal cord pressure caused by bone spurs. Owen specifically testified that, while bone spurs such as claimant's could develop naturally, their presence in claimant's body at only one point on the spinal column suggested that the cause in claimant's case was a trauma of some kind. Owen opined that the injury in claimant's case was probably caused by the 1982 accident. He explained that such injuries commonly take years to develop and may seem minor at first. Although the employer takes issue with the findings and conclusions of claimant's physician, it is well settled that witness credibility and medical

causation are questions of fact for the Board and the Board's determination of these issues is to be affirmed if supported by substantial evidence in the record (see, Matter of Film v Holmes Transp., 147 AD2d 831). Here, since Owen's testimony provided sufficient opinion evidence to support the Board's conclusion as to compensable injury, there is no basis for reversal on this ground (see, Matter of Doersam v Oswego County Dept. of Social Servs., 171 AD2d 934).

The remaining arguments of the employer have been reviewed and found to be unavailing. Substantial evidence supports the Board's conclusion that claimant's loss of earnings was due to his disability and not from a voluntary withdrawal from the labor market (see, Matter of Walker v Low & Son, 154 AD2d 853, 854).

Mahoney, P. J., Casey, Weiss and Mikoll, JJ., concur. Ordered that the decisions are affirmed, with costs to the Workers' Compensation Board.