(April 29, 1993)

■ In the Matter of the Claim of JOANNE MARSHALL, Appellant, v SAVANNAH SAUSAGE CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Another Related Claim.) [596 NYS2d 936] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 2, 1989, as amended by decision filed January 11, 1991, which ruled, *inter alia,* that claimant's application for death benefits was not timely filed.

The twofold issue before us is whether the Workers' Compensation Board properly disallowed claimant's death claim as untimely made and whether claimant's attorney was properly denied counsel fees relating to an accident of September 5, 1977 on the ground that compensation benefits did not exceed a third-party net recovery.

James Marshall, a marketing consultant of Savannah Sausage Corporation, sustained serious injuries in a motor vehicle accident on September 5, 1977. He filed for workers' compensation benefits in May 1978. Employment was controverted by Savannah. Marshall's attorney requested a closing of the Board file during the pendency of a third-party action brought against the other vehicle involved in the accident, which request was granted. Thereafter, Marshall's liability action was settled for $100,000 without the participation or consent of Home Insurance Company, which was both Savannah's no-fault insurer and workers' compensation carrier. The settlement netted Marshall $65,888. To resolve the issue of lack of consent by Home Insurance to the settlement, Marshall sought a nunc pro tunc order compelling consent to the third-party settlement which was granted by Supreme Court and affirmed on appeal by the First Department on November 13, 1983.

The Board scheduled testimony on the threshold issue of accident in the disability case involving the injury of September 5, 1977. At the hearing it was noted that Marshall had died. During the hearing no claim was made that Marshall's death was related to the injuries caused by the September 5,

1977 accident. Claimant, who was Marshall's widow, was directed to produce a marriage and death certificate by the Workers' Compensation Law Judge (hereinafter WCLJ). There then followed a second hearing in which the Board affirmed the nunc pro tunc order and directed production of medical evidence to support the disability claim. On February 6, 1984 claimant filed a notice of death claim. Home Insurance controverted the claim, raising issues of untimely filing and lack of evidence of compensable death. At a hearing on April 4, 1984, the WCLJ established accident, notice and causal relationship for quadriplegia resulting from the physical injuries sustained by Marshall on September 5, 1977; the WCLJ awarded benefits from the accident date to the date of Marshall's death. The sum found due was $27,800 but the WCLJ held that no deficiency compensation was due given the recovery in the personal injury action.

By decision dated June 12, 1984, the WCLJ permitted Home Insurance to take credit for $27,800 for compensation benefits from the net recovery to Marshall of $65,888 in the third-party action. It was held that there was no money payable to Marshall or his survivors and no fee due to his attorney in that the workers' compensation benefits would not exceed the recovery made by Marshall in the third-party action. In a decision dated October 25, 1984, the WCLJ ruled that the death claim was untimely and disallowed it. Also by decision dated October 25, 1984, the WCLJ closed the attorney's fee case. Claimant filed an administrative appeal claiming that the counsel fees had priority over the carrier's lien of Home Insurance and that Workers' Compensation Law § 28 was not a bar to payment.

At claimant's request, the Board restored the case for more evidence. A hearing was held at which claimant contended that Home Insurance, as the workers' compensation carrier, was required to reimburse its no-fault department for medical payments made and made claim for additional medical expenses due claimant and nursing care. No new evidence was offered at the hearing in support of these contentions. In this posture the matter was submitted to the WCLJ. The WCLJ's decision of October 3, 1988 closed the case, finding that the death benefit claim was untimely made, and denied counsel fees, which decision was affirmed on administrative appeal.

We would affirm. The finding that the death claim was untimely is supported by substantial evidence. Workers' Compensation Law § 28 provides that a claim for death benefits is barred unless, within two years after death results from an

accident, a claim for compensation shall be filed with the chairman or the untimeliness of the claim is waived (by the employer or carrier) or an advance payment of compensation is made. Claimant concedes that the death claim was not filed within two years of Marshall's death on December 9, 1981, and that neither waiver nor advance payment are applicable in this case. Further, no written or oral claim was ever made, regardless of form, that Marshall's death on December 9, 1981 was related to the physical injuries sustained by him in the September 5, 1977 accident.

As to entitlement of counsel fees, claimant contends that counsel fees are a paramount lien on the $27,800 compensation award before the carrier's right of offset of that amount against the third-party recovery. We note that the Board never made an award of counsel fees and therefore no lien came into effect upon the compensation awarded (see, Workers' Compensation Law § 24). There being no lien, the compensation award could not be attached (see, Matter of Height v Hicksville Firestone Dealer Store, 35 NY2d 692, 693).

On January 11, 1991, the Board held that the attorney's efforts did not in any way benefit Marshall or claimant in the 1978 disability claim and, further, that the attorney should have known that Marshall's death in December 1981 cut off any possibility that compensation benefits would ever surpass the recovery in the third-party action, rendering any further efforts to establish the disability case futile. We concur with this conclusion.

Counsel raises a number of legal contentions challenging the denial of counsel fees which were either not urged at the administrative level on claimant's behalf or are otherwise meritless. We decline to consider them further (see, Matter of Brozzo v St. Joe Mins. Corp., 175 AD2d 425, 426).

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.