■ In the Matter of the Claim of AMY TUCKER, Respondent, v FORT HUDSON NURSING HOME et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [885 NYS2d 782]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 23, 2008, which, among other things, ruled that Workers' Compensation Law § 25-a is inapplicable to claimant's award of workers' compensation benefits.

Claimant suffered a back injury while working for the employer in August 1999. Thereafter, claimant received ongoing medical treatment beginning in September 1999, although forms documenting that treatment after 1999 state that she was injured in either September 1999, February 2000 or September 2000. Finding her job with the employer too rigorous given her back problems, claimant obtained other employment and eventually stopped working altogether, filing a claim for workers' compensation benefits in March 2007. The employer and its workers' compensation carrier argued that the claim was closed and that liability should be shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board disagreed and this appeal ensued.

We reverse. The Board must address issues raised in an application for review in its decision (see Workers' Compensation Law § 23; Matter of Redder v Village of Clyde, 21 AD2d 917, 918 [1964]; Matter of Veley v Borden Co., 13 AD2d 883, 883 [1961]). In this case, however, the Board failed to resolve or even acknowledge the existence of such an issue, namely the employer and carrier's contention that the medical records from 2000 onward refer to treatment for separate injuries and should not be considered in determining whether the present claim was truly closed. That omission is particularly troubling given that the Board expressly relied upon those documents in concluding that the claim was not truly closed. As "the Board failed to engage in its fact-finding role, thereby depriving [the employer and carrier] of the opportunity to have the Board consider the merits of an issue that was properly preserved," its decision must be reversed to allow that review to occur (Matter of Spec-

*tor v New York City Bd. of Educ.*, 292 AD2d 741, 742 [2002]; *see Matter of Coskey v Cornell Univ.*, 77 AD2d 676, 678 [1980]).

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.