■ In the Matter of the Claim of VICTOR SEARFOSS, Respondent, v ANCHOR GLASS CONTAINER CORPORATION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 597]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed December 23, 2009, which discharged the Special Disability Fund from liability upon the ground that the claim for reimbursement was not timely filed.

In 2000, claimant injured his neck and shoulder in the course of his employment, and he promptly sought medical treatment. Claimant began missing work due to the injury in 2005, and his workers' compensation claim was indexed in July of that year. His claim was established, and the workers' compensation car-

rier for the employer filed a C-250 form applying for reimbursement from the Special Disability Fund in February 2006. A workers' compensation law judge ruled that the application for reimbursement was timely, and the Fund sought review. The Workers' Compensation Board reversed, finding the application to be untimely, and the employer and its carrier (hereinafter collectively referred to as the employer) now appeal.

We reverse. The employer argued that the Fund's application for review was untimely and should be rejected, but the Board did not address the issue in its decision. While the Board has broad discretion to accept a late application for review (*see Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 979 [2005]), its failure to make any findings on the issue require reversal (*see* Workers' Compensation Law § 23; *Matter of Tucker v Fort Hudson Nursing Home*, 65 AD3d 1442, 1442 [2009]; *Matter of Rawlings v Reliable Sample Co.*, 23 AD2d 921, 921-922 [1965]).

Remittal is further required for the Board to make necessary findings with regard to the merits. In order to obtain reimbursement from the Fund, an employer or carrier must file a form C-250 "prior to the final determination that the resulting disability is permanent, but in no case more than [104] weeks after the date of disability or death *or* [52] weeks after the date that a claim for compensation is filed with the chair, whichever is later" (Workers' Compensation Law § 15 [8] [f] [emphasis added]; *see Matter of Cassata v General Motors Powertrain*, 71 AD3d 1342, 1343-1344 [2010]). The employer argued that its form C-250 was timely filed under either measurement, and the Board determined that its application had been filed more than 104 weeks after the date of disability. The Board did not, however, determine when the underlying workers' compensation claim was filed or if the employer timely applied for reimbursement under the alternate measure (*see e.g. Matter of Tagliavento v Borg-Warner Auto*, 252 AD2d 753, 753-754 [1998]). As any review of that issue would accordingly be "premised upon speculation rather than upon the controlling substantial evidence standard," the Board must address that issue upon remittal (*Matter of Patterson v Long Is. Jewish Med. Ctr.*, 296 AD2d 774, 776 [2002]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Worker's Compensation Board for further proceedings not inconsistent with this Court's decision.