Stein, J.
Appeals (1) from a decision of the Workers’ Compensation Board, filed June 27, 2011, which denied the employer’s application for review of a decision by the Workers’ Compensation Law Judge, and (2) from a decision of said Board, filed October 25, 2012, which denied the employer’s request for reconsideration and/or full Board review.
In 2005, claimant filed an application for workers’ compensation benefits, asserting that he had developed a lung condition as a result of his exposure to asbestos while employed by, among others, Silver Construction Corporation. After a hearing, a Workers’ Compensation Law Judge (hereinafter WCLJ) issued a decision which, among other things, determined that claimant suffered from a compensable occupational disease and that Silver was the last private-sector “employer in whose employment claimant suffered his last injurious exposure to asbestos” (Matter of Wilson v Southern Tier Custom Fabricators, 51 AD3d *1155 1228, 1228 [2008]; see Workers’ Compensation Law §§ 44-a, 50).[1] Silver filed an application with the Workers’ Compensation Board for review. The Board denied the application, concluding that Silver failed to properly place all necessary parties on notice of the application (see 12 NYCRR 300.13 [a]). Silver now appeals from that decision, as well as from the Board’s subsequent decision denying Silver’s application for reconsideration and/or full Board review.
We reverse. An application for Board review of a WCLJ’s decision must be served upon all parties in interest (see 12 NYCRR 300.13 [a]). Here, the Board determined that Silver failed to properly serve certain parties of interest — namely, the Special Funds Conservation Committee, Barnaby Concrete, Rizzi Associates, Travelers Insurance Company and Security Mutual Insurance Company. However, Silver served its application upon counsel representing Travelers (Rizzi’s alleged carrier) and Security Mutual (Barnaby’s alleged carrier), and there is no assertion that these parties did not receive notice of the application. In fact, Security Mutual filed a rebuttal to the application for Board review and did not claim a lack of notice thereof or otherwise challenge the manner of service.
As to Rizzi and Barnaby, all prior attempts to serve notice upon these parties had been returned as undeliverable, rendering service impossible and neither party had appeared in the proceeding. Finally, while Silver concedes that it did not serve Special Funds, the record reflects that Special Funds had previously disputed that it was an interested party and had expressly indicated that it was not expecting notice of any future proceedings. Under these circumstances, we agree with Silver’s contention that the Board erred in determining that the application was not served upon all parties of interest (compare Matter of Vukel v New York Water & Sewer Mains, 94 NY2d 494, 497-498 [2000]). Accordingly, we remit the matter to the Board to decide Silver’s application for review.[2]
Lahtinen, J.P., Spain and Egan Jr., JJ., concur. Ordered that *1156 the decisions are reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

. Prior to the hearing, Silver asserted that claimant had actually been employed by its predecessor, Rizzi Associates, and a WCLJ placed Rizzi on notice as a potential employer. Upon review, however, the Workers’ Compensation Board removed Rizzi from notice and continued the case. Silver’s appeal from that decision was dismissed because it was a nonappealable interlocutory decision (83 AD3d 1270 [2011]).

. Contrary to Silver’s argument, since the Board never reached the merits of Silver’s challenge to the WCLJ’s decision, we cannot review the merits on this appeal (see Workers’ Compensation Law § 23; Matter of Redder v Village of Clyde, 21 AD2d 917, 918 [1964]; see also Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 n [2011], lv denied 17 NY3d 703 [2011]).