■ In the Matter of the Claim of ANTHONY WHITE, Respondent, v CONSOLIDATED EDISON et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [975 NYS2d 929]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 24, 2012, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a right knee injury in 2003 and received workers' compensation benefits. He was eventually awarded a 10% schedule loss of use of his right leg in 2005, with no further action planned. Claimant also sustained a work-related injury to his neck and back in 2005, which he later sought to amend to include a consequential right knee injury. In 2009, a Workers' Compensation Law Judge directed that the 2003 claim be "open[ed]" and travel with the 2005 claim. Claimant subsequently withdrew his contention regarding the consequential knee injury, and was found to have sustained a permanent partial disability in the 2005 claim.

In 2011, claimant requested further proceedings in the 2003 claim, pointing to a medical report indicating that he was

entitled to a 30% schedule loss of use award for his right leg. The self-insured employer, in turn, argued that liability on the claim should be shifted to the Special Fund for Reopened Cases (*see* Workers' Compensation Law § 25-a). The Workers' Compensation Board determined that the right knee treatment occasioned by the 2005 injury did not constitute a reopening of the 2003 claim and, accordingly, shifted liability for that claim to the Special Fund. The Special Fund now appeals.

We reverse. Among the arguments raised by the Special Fund in its application for Board review was that the 2009 decision of a Workers' Compensation Law Judge—which authorized right knee surgery and directed that the 2003 claim be "open[ed]" and travel with the 2005 claim—barred the shifting of liability pursuant to Workers' Compensation Law § 25-a. Inasmuch as the Board "failed to resolve or even acknowledge the existence of such an issue," we remit so that it can make the necessary findings of fact (*Matter of Tucker v Fort Hudson Nursing Home*, 65 AD3d 1442, 1442 [2009]; *see Matter of Searfoss v Anchor Glass Container Corp.*, 78 AD3d 1368, 1369 [2010]).

Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.