OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Claimant, a Deputy Sheriff, was injured in a line-of-duty accident during his employment with appellant Oneida County Sheriffs Department (County). As required by General Municipal Law § 207-c (1), the County paid claimant his full wages for the 4.8 weeks he was totally disabled and unable to work, plus $241.58 in necessary medical expenses.
The County had opted to cover its police officers under a workers’ compensation plan and was self-insured for that purpose. Claimant filed a claim with the respondent State Workers’ Compensation Board (Board) and was awarded partial wage replacement benefits for the period of his temporary total disability. He was also granted a schedule award pursuant to Workers’ Compensation Law § 15 (3) for permanent partial loss of use of his left leg. The Board gave the appellant County a credit for the wages it had paid to claimant under General Municipal Law § 207-c, but disallowed any credit for the medical expenses the County had paid on claimant’s behalf under that section. The County appealed the Board’s decision in the latter respect, arguing that Workers’ Compensation Law § 30 (3) authorized the County to receive a further credit for the medical expense payments, chargeable against claimant’s schedule award. The Appellate Division rejected the County’s argument and unanimously affirmed the Board’s decision (166 AD2d 74).
County police officers injured in the performance of their duties are entitled to receive the "full amount of [their] regular salary or wages until [their] disability * * * has ceased, and, in addition * * * medical treatment and hospital care necessitated by reason of such injury or illness” (General Municipal Law § 207-c [1]). In addition to General Municipal Law § 207-c (1) benefits, police officers employed by a county which also elects to cover such employees under a workers’ *852 compensation program are entitled to “compensation” in the form of medical benefits (Workers’ Compensation Law § 13) and partial wage replacement benefits (Workers’ Compensation Law § 15). To avoid duplication of benefits, Workers’ Compensation Law § 30 provides that “(3) * * * any salary or wages paid to, or the cost of any medical treatment or hospital care provided * * * pursuant to [General Municipal Law § 207-c] shall be credited against any award of compensation * * * under this chapter” (emphasis added). This provision was added to “avoid duplication of benefits to an injured police [officer], the combined total of which might exceed the salary [the officer] would have received for the period” had the injury not occurred (Mem of Indus Commr, Bill Jacket, L 1963, ch 280, § 2).
Appellant argues that the plain language of Workers’ Compensation Law § 30 (3) compels crediting of General Municipal Law § 207-c medical expense payments even against Workers’ Compensation Law § 15 (3) schedule awards because a schedule award is an “award of compensation”. The literal implementation urged by the County, however, does not further the Legislature’s expressed purpose in enacting Workers’ Compensation Law § 30 (3) and would lead to an incongruous result, at least in circumstances such as are presented here. Paying a Workers’ Compensation Law § 15 (3) schedule award to an injured County police officer and separately paying General Municipal Law § 207-c medical expenses for that officer does not constitute the duplication of salary benefits the statute was designed to prevent. Indeed, it would be anomalous to disadvantage employees in claimant’s position, relative to other public employees, by allowing a credit against a schedule award for General Municipal Law § 207-c medical expense payments when such a credit is not allowed for Workers’ Compensation Law § 13 payments. The Board and the Appellate Division found no basis to impute such an anomaly to the Legislature. On our review, we discern no reason to disagree with their rulings.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.