■■ THERESA M. O'DETTE et al., Respondents, v KEITH A. PARTON, Defendant, and COUNTY OF ERIE, Appellant.—Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Plaintiff Theresa M. O'Dette, an Erie County Deputy Sheriff, was injured while on routine patrol in a sheriff's patrol vehicle operated by defendant Keith A. Parton, a fellow deputy. Because the injuries were sustained in the performance of her duties, plaintiff was paid the full amount of her regular salary for the period of her disability pursuant to General Municipal Law § 207-c. Plaintiff commenced this negligence action against the County of Erie, her employer, and Parton. The County moved to dismiss, contending that plaintiff's action was barred by the exclusivity provisions of the Workers' Compensation Law. Supreme Court erred in denying that motion.

We reject plaintiff's contention that the exclusivity provisions do not apply because the benefits she received for her

work-related injuries were paid pursuant to the General Municipal Law, not the Workers' Compensation Law. In our view, it is not the receipt of benefits that implicates those provisions, but rather, it is "[t]he right to compensation or benefits under this chapter" (Workers' Compensation Law § 29 [6]). Neither party disputes the fact that, as plaintiff's employer, the County was subject to the provisions of the Workers' Compensation Law (see, Workers' Compensation Law § 2 [3]; § 10). It is also uncontroverted that, absent her receipt of section 207-c benefits, plaintiff was entitled to receive Workers' Compensation benefits. Section 207-c benefits are applied for and determined in a manner identical to Workers' Compensation benefits. In addition, the municipal corporation paying those benefits receives a credit against those benefits to which the employee is entitled pursuant to the Workers' Compensation Law (see, Workers' Compensation Law § 30).

The provisions of the Workers' Compensation Law and the General Municipal Law providing for payment of benefits reveal an integrated legislative scheme that "should [not] be construed as being antagonistic and hostile in their approach to the same problem" (Matter of McKay v Town of W. Seneca, 51 AD2d 373, 380, revd on dissenting opn of Mahoney, J., 41 NY2d 931). Because the record established plaintiff's entitlement to Workers' Compensation benefits and her receipt of section 207-c benefits in lieu thereof, we conclude that her right to those benefits constitutes her exclusive remedy for the injuries allegedly caused by the negligence of her employer and fellow employee (see, Workers' Compensation Law §§ 11, 29 [6]; Russo v County of Erie, 186 AD2d 1084).

Plaintiff's contention that her action against defendant Parton is permitted by General Municipal Law § 205-e is without merit. Although that provision permits an action to be maintained for the violation of a statute or ordinance causing death or injury to a police officer in the line of duty, "nothing in [that] section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law" (General Municipal Law § 205-e [1]). Appeal from Order of Supreme Court, Erie County, Mintz, J.—Dismiss Complaint.) Present— Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.