[876 NYS2d 225]

In the Matter of the Claim of ALFRED SHEA, Appellant, v ICE-LANDAIR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 2, 2009

APPEARANCES OF COUNSEL

*Alan W. Clark & Associates, L.L.C.*, Levittown (*Patrick M. Quinn* of counsel), for appellant.

*Andrew M. Cuomo, Attorney General*, New York City (*Iris Steel* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

LAHTINEN, J.

A Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant's cardiac condition resulted in a mild permanent partial disability, but that the injury did not prevent him from working and that his retirement was voluntary. While there was no award for lost wages, the WCLJ authorized medical treatment. Thereafter, the workers' compensation carrier disputed the amount sought by claimant for medical and transportation expenses. Following approximately a dozen hearings over five years, the parties reached an agreement pursuant to Workers' Compensation Law § 32, which included a payment to claimant of $17,500 for medical and travel expenses that he had incurred and, out of that payment, counsel would receive a fee of $2,200. The WCLJ approved the agreement except for the provision pertaining to counsel fees, which was not approved on the ground that an award of medical and travel expenses is not an award of compensation subject to a lien for counsel fees. Upon review, the Workers' Compensation Board affirmed and subsequently denied claimant's request for reconsideration and/or full Board review. Claimant appeals.

Counsel fees, when approved by the Board, are a lien upon "compensation awarded" (Workers' Compensation Law § 24) and the definition of compensation includes "the money allowance payable to an employee or to his [or her] dependents as provided for in this chapter" (Workers' Compensation Law § 2 [6]). The issue of whether medical expenses can be considered to fall within the term compensation is not answered with total clarity by the statutory scheme of the Workers' Compensation Law (*see Matter of Cordell v City of Oneida Youth Div.*, 146 AD2d 362, 363-364 [1989], *lv denied* 74 NY2d 614 [1989]). We have previously held, in a case involving an authorization for future medical treatment where no money was passing, that it was not an abuse of discretion for the Board to refuse to award counsel fees (*see Matter of Cummins v North Med. Family Physicians*, 283 AD2d 861, 861-863 [2001], *lv denied* 96 NY2d 720

[2001]). Since no money passed in *Cummins*, an award would have essentially been equivalent to an "add-on" legal fee which, while authorized in some jurisdictions (*see* 8 Larson's Workers' Compensation Law § 133.02 [2]), is not currently permitted in New York under such circumstances.*

The Court of Appeals has indicated that the term "compensation" should be liberally construed to advance the interest of injured employees (*see Matter of Keser v New York State Elmira Psychiatric Ctr.*, 92 NY2d 100, 104-106 [1998]). This is consistent with the general approach of interpreting the Workers' Compensation Law broadly to "effectuate the statute's economic and humanitarian purposes" (*Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 476 [1995]; *see Matter of Smith v Tompkins County Courthouse*, 60 NY2d 939, 941 [1983]). Construing the law in claims involving disputes about only medical benefits such that claimants are essentially left to find an attorney willing to undertake their cases on a pro bono basis will make it more difficult to find representation in such situations (*see* New York Workers' Compensation Handbook § 11.07 [2] [a]). The majority of states, when afforded interpretive leeway by their statutes on this issue, have permitted counsel fees noting, among other reasons, that enhancing the availability of representation is more in tune with the purposes undergirding the Workers' Compensation Law (*see generally* 8 Larson's Workers' Compensation Law § 133.03 [6] n 48; *Langford v Liberty Mut. Ins. Co.*, 854 SW2d 100, 101-102 [Sup Ct, Tenn 1993] [setting forth decisions from various jurisdictions regarding the issue of counsel fees assessed on a recovery of medical expenses]). We conclude that our state's statutes permit such a construction and that doing so will best foster the purposes of the Workers' Compensation Law.

Potential abuse by counsel in requesting fees is minimized by the fact that all such requests are subject to approval by the Board (*see* Workers' Compensation Law § 24; *Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305, 313-314 [1982]). Here, the Board incorrectly concluded that counsel fees were precluded by the germane statutes, and thus did not exercise its broad discretionary review of counsel's requested fee (*see Matter of Bell v Genesee Inn*, 35

---

* Although *Cummins* employed language from which more sweeping conclusions could be drawn, it should be limited to the facts involved.

AD3d 940, 941 [2006]; *Matter of Rodd v Coram Fire Dist.*, 12 AD3d 890, 891 [2004]). We remit to the Board for an exercise of its review power in such regard.

PETERS, J.P., ROSE, KANE and STEIN, JJ., concur.

Ordered that the decisions are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.