*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    518891
_____

In the Matter of the Claim of
    JAMES McCABE,
                      Respondent,

        v

ALBANY COUNTY SHERIFF'S                    MEMORANDUM AND ORDER
    DEPARTMENT et al.,
                      Appellants.

WORKERS' COMPENSATION BOARD,
                      Respondent.
_____

Calendar Date:  April 22, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                      _____

        Walsh & Hacker, Albany (Kelly B. Dean of counsel), for
appellants.

        Law Firm of Alex C. Dell, PLLC, Albany (Alex C. Dell of
counsel), for James McCabe, respondent.

                      _____

Garry, J.

        Appeal from a decision of the Workers' Compensation Board,
filed August 27, 2013, which, among other things, ruled that
claimant's counsel fee award was a lien against compensation
awarded as a credit to the employer.

        Claimant was employed as a correction officer by the Albany
County Sheriff's Department, a self-insured employer.  While
performing his duties in 2006, he sustained various injuries that
prevented him from working.  Thereafter, he was paid his full

wages by the employer pursuant to General Municipal Law § 207-c. Claimant's undisputed workers' compensation claim was established for several occupational injuries arising from this incident, including an injury to his left knee, and he was awarded compensation payable to the employer as a credit for the statutory benefits already paid (see Workers' Compensation Law § 30 [3]).  The claim was later amended to include a consequential injury.  In June 2008, claimant retained new counsel, who successfully amended the claim again to include additional consequential injuries and, as a result, was awarded counsel fees in the amount of $2,400, payable from compensation awarded as reimbursement to the employer.

In March 2010, claimant fell and sustained injuries after his left knee gave way.  After further medical evaluation, claimant's physician determined that claimant had new consequential injuries and, following a hearing before a Workers' Compensation Law Judge, the claim was amended to include additional consequential injuries.  Claimant was also awarded compensation for six periods of temporary total or partial disability, payable as reimbursement to the employer, and counsel fees in the amount of $7,000 as a lien against the compensation award.  Upon review, the Workers' Compensation Board modified the determination of the Workers' Compensation Law Judge by reducing the award of counsel fees to $6,000, and otherwise affirmed.  The employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal.

General Municipal Law § 207-c requires municipal employers to pay full wages to correction officers who are injured in the performance of their duties.  Workers' Compensation Law § 30 (3) provides that the amount of such payments "shall be credited against any award of compensation" that may also be made to such an officer.  The employer contends that the mandatory language of the Workers' Compensation Law provision entitles employers to full credit for such payments and, thus, precludes the attachment of a lien for counsel fees.  However, Workers' Compensation Law § 24 likewise uses mandatory language in providing that, when approved by the Board, counsel fees "shall become a lien upon the compensation awarded . . . [and] shall be paid therefrom only in

the manner fixed by the [B]oard" (emphasis added).  The lien attaches when the compensation is awarded "and takes precedence over the employer's right to reimbursement of funds previously paid to the claimant-employee" (Matter of Height v Hicksville Firestone Dealer Store, 35 NY2d 692, 693 [1974]).  The purpose of enacting Workers' Compensation Law § 30 (3) was not to preclude counsel fees, but "to avoid duplicate benefits to an injured [officer], the combined total of which might exceed the salary [the officer] would have received for the period" if the injury had not occurred (Mem of Indus Commr, Bill Jacket, L 1963, ch 280, § 6; see Matter of Leone v Oneida County Sheriff's Dept., 80 NY2d 850, 852 [1992]).  Workers' Compensation Law § 30 (3) must be harmoniously interpreted with the Workers' Compensation Law as a whole and with General Municipal Law § 207-c (see Matter of Leone v Oneida County Sheriff's Dept., 166 AD2d 74, 76-77 [1991], affd 80 NY2d 850 [1992]).  We find nothing in the statutory language indicating a legislative intent to treat employees who receive benefits under General Municipal Law § 207-c differently from other injured employees by departing from the statutory scheme for payment of counsel fees set forth in Workers' Compensation Law § 24.

Contrary to the employer's argument, the fact that the lien here was applied to a credit for benefits already paid by the employer and no reimbursement was paid to the employer from which the counsel fees could be deducted does not require a different result.  The term "compensation" is defined as "the money allowance payable to an employee or to his [or her] dependents as provided for in this chapter" (Workers' Compensation Law § 2 [6]).  The term is to be broadly construed to advance the interests of injured workers and is not limited to benefits paid directly to the employee (see Matter of Keser v New York State Elmira Psychiatric Ctr., 92 NY2d 100, 104-105 [1998]; Matter of Shea v Icelandair, 63 AD3d 30, 32 [2009]).  Workers' Compensation Law § 24 contains no requirement that a fund must exist or that payments must be exchanged to which a lien for counsel fees can attach, and the fact that an employer is a self-insurer who must pay the lien directly "is insufficient reason to deny the established precedence of such a lien" (Matter of Dickman v City

of New York, 25 AD2d 931, 932 [1966], affd 18 NY2d 969 [1966]).[1] To construe the statute as the employer suggests would disadvantage employees who receive benefits pursuant to General Municipal Law § 207-c by making it difficult or impossible for them to find legal representation, and would not fulfill the beneficial purposes of the Workers' Compensation Law (see Matter of Leone v Oneida County Sheriff's Dept., 80 NY2d at 852; Matter of Shea v Icelandair, 63 AD3d at 32).[2]

The Board did not abuse its "broad discretion" in making the disputed fee award (Matter of Marchese v New York State Dept. of Correctional Servs., 293 AD2d 920, 921-922 [2002]). The evidence submitted to the Board revealed that counsel represented claimant for a lengthy period, filed RFA-1 forms on his behalf, made numerous telephone calls to claimant, opposing counsel and the adjuster, appeared at a hearing, and successfully established a claim for claimant's consequential injuries. We find the Board's determination that claimant derived an economic benefit from these services to be within its province and, as it was not

---

[1] Contrary to the employer's argument, this Court's decision in Matter of Cummins v North Med. Family Physicians (283 AD2d 861 [2001], lv denied 96 NY2d 720 [2001]) does not preclude an award of counsel fees where, as here, no payments for lost wages passed to the claimant. This Court subsequently disavowed any such "sweeping conclusion[]" and held that Cummins should be limited to its facts, which differ sharply from those presented here (Matter of Shea v Icelandair, 63 AD3d at 32 n).

[2] The employer's contention that the Board's determination constitutes an unexplained departure from precedent is rejected. In the decisions cited, the determination not to award counsel fees resulted from the exercise of discretion in considering the facts presented, and the Board made no finding as to whether Workers' Compensation Law § 30 (3) precluded an award of counsel fees as a lien against an employer's credit (see Employer: Albany County, 2013 WL 3480788, 2013 NY Wrk Comp LEXIS 5940 [WCB No. G045 8941, July 3, 2013]; Employer: City of Schenectady, 2013 WL 1364521, 2013 NY Wrk Comp LEXIS 3929 [WCB No. G045 1670, Mar. 29, 2013]).

arbitrary, capricious or unreasonable as a matter of law, it will not be disturbed (see Matter of McDowell v La Voy, 83 AD2d 680, 680-681 [1981]; see also Employer: NYC Administration For, 2014 WL 1371482, *4, 2014 NY Wrk Comp LEXIS 2173, *10-*11 [WCB No. 0571 442, Apr. 7, 2014]).

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court