This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 168
In the Matter of James R.
Diegelman et al.,
          Appellants,
        v.
City of Buffalo et al.,
          Respondents.



          John A. Collins, for appellants.
          David M. Lee, for respondents.



STEIN, J.:

          In this appeal, we are asked to determine whether a

police officer who is entitled to receive benefits under General

Municipal Law § 207-c for a duty-related injury is barred from

bringing a claim against his or her employer under General

Municipal Law § 205-e.  We conclude that, where the municipal

- 1 -

employer has elected not to provide coverage pursuant to the Workers' Compensation Law, a police officer who suffers a line-of-duty injury caused by the employer's statutory or regulatory violations may pursue a section 205-e claim.

I.

Respondent City of Buffalo (the City) employed claimant James R. Diegelman as a police officer from 1968 until 1995. On August 9, 2012, he was diagnosed with mesothelioma, a cancer caused by exposure to asbestos. Claimant and his wife, Andrea M. Diegelman (hereinafter claimants), allege that exposure to asbestos occurred during his employment at properties owned by the City and respondent Board of Education, and used by the Police Department. Claimants commenced this proceeding seeking permission to serve a late notice of claim on the City. In opposition, the City argued, among other things, that leave should be denied on the ground that the claim was patently without merit because General Municipal Law § 207-c provides the exclusive remedy for the alleged work-related injuries.

Supreme Court granted claimants' application for permission to serve a late notice of claim on the City. The City appealed, and the Appellate Division reversed on the law and denied the application (129 AD3d 1527 [4th Dept 2015]). The Appellate Division agreed with the City that the claim was barred by General Municipal Law § 207-c and, thus, held that claimants' application should be denied because "leave to file a late notice

of claim is not appropriate for a patently meritless claim" (129 AD3d at 1527 [internal quotation marks and citation omitted]). This Court granted claimants' motion for leave to appeal (26 NY3d 913 [2015]).

## II.

This appeal turns on the interplay of General Municipal Law §§ 205-e and 207-c, and the Workers' Compensation Law. "In addition to any other right of action or recovery under any other provision of law," section 205-e permits police officers to bring tort claims for injuries sustained "while in the discharge or performance at any time or place of any duty imposed by . . . superior officers" where such injuries occur "directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments" (General Municipal Law § 205-e [1]). Separately, section 207-c "provides for the payment of the full amount of regular salary or wages," along with payment for medical treatment and hospital care, "to a police officer or other covered municipal employee who is injured 'in the performance of his [or her] duties' or is taken ill 'as a result of the performance of [such] duties'" (Theroux v Reilly, 1 NY3d 232, 239 [2003], quoting General Municipal Law § 207-c [1]). The Workers' Compensation Law is, of course, "'the State's most

general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for ordinary and unqualified employment duties'" (Theroux, 1 NY3d at 242, quoting Matter of Balcerak v County of Nassau, 94 NY2d 253, 259 [1999]; accord Auqui v Seven Thirty One Ltd. Partnership, 22 NY3d 246, 255-256 [2013]).

It is well settled that workers' compensation benefits are generally the "sole and exclusive remedy of an employee against his [or her] employer for injuries in the course of employment," and that the receipt of such benefits "precludes suits against an employer for injuries in the course of employment" (Weiner v City of New York, 19 NY3d 852, 854 [2012]). Thus, the right of action contained in section 205-e is subject to a proviso that "nothing in th[at] section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers' compensation law" (General Municipal Law § 205-e [1]).  In other words, the proviso prohibits "recipients of workers' compensation benefits [from] su[ing] their employers in tort under section 205-[e]" (Weiner, 19 NY3d at 855).

Inasmuch as the City of Buffalo, like many other large municipalities, has elected not to provide workers' compensation benefits to its police officers (see generally Matter of Leone v

Oneida County Sheriff's Dept., 80 NY2d 850, 851 [1992]),
claimants argue that the proviso in section 205-e (1) is
inapplicable to this action.  They maintain that the Appellate
Division erred in extending the proviso's bar on suits to cover
not just recipients of workers' compensation benefits but, also,
recipients of General Municipal Law § 207-c benefits.  The City
responds that section 207-c "is essentially a super workers'
compensation scheme for police officers" and, thus, workers'
compensation exclusivity rules should apply to police officers
who receive section 207-c benefits, regardless of whether they
are entitled to benefits under the Workers' Compensation Law.

Workers' Compensation Law § 30 (3) provides that "any
salary or wages paid . . ., or the cost of any medical treatment
or hospital care provided[,] . . . under and pursuant to the
provisions of section [207-c] shall be credited against any award
of [workers'] compensation."  As this Court has previously
recognized, the purpose of Workers' Compensation Law § 30 (3) is
to "avoid duplication of benefits" inasmuch as there is some
overlap between workers' compensation benefits and section 207-c
benefits (Leone, 80 NY2d at 852).[1]  However, workers'

_____

[1] Workers' compensation benefits, where provided, are
awarded "[i]n addition to General Municipal Law § 207-c (1)
benefits" (Matter of Leone v Oneida County Sheriff's Dept., 80
NY2d 850, 851 [1992] [emphasis added]).  Where a municipality
provides its police officers with workers' compensation benefits,
the "municipality's obligation to pay wages and medical costs
under General Municipal . . . [§] 207-c is in no way dependent
upon any determination made by the" Workers' Compensation Board,

compensation benefits and General Municipal Law § 207-c benefits are neither equivalent nor "mutually exclusive" such that the payments of benefits under one statute forecloses payment under the other statute (Matter of McKay v Town of W. Seneca, 51 AD2d 373, 378 [3d Dept 1976] [Mahoney, J., dissenting], revd on dissenting op of Mahoney 41 NY2d 931 [1977]; see Leone, 80 NY2d at 851). Rather, the two statutory compensation systems are independent of each other and, contrary to the City's argument that section 207-c is essentially a super workers' compensation scheme, the Workers' Compensation Law "features a more lenient and more inclusive standard of covered activity than is intended to be covered and compensated in a General Municipal Law § 207-c benefits universe" (Balcerak, 94 NY2d at 261).

In enacting the two statutes, "the Legislature chose different eligibility standards -- 'arising out of and in the course of employment' for workers' compensation benefits; 'in the performance of his [or her] duties' for section 207-c benefits"

_____

and a police officer is "not required to exhaust [his or] her administrative remedies in [a] workers' compensation proceeding before pursuing" benefits under section 207-c (Matter of Davidson v LaGrange Fire Dist., 82 AD3d 1227, 1230 [2d Dept 2011]). In practice, when a police officer is awarded workers' compensation benefits, those benefits may be made payable to the employer as a credit for section 207-c benefits already paid (see Matter of McCabe v Albany County Sheriff's Dept., 129 AD3d 1348, 1348 [3d Dept 2015]), if the award of workers' compensation benefits would constitute a duplication of the payment of medical expenses or salary benefits awarded under section 207-c (cf. Leone, 80 NY2d at 852 [no credit for section 207-c benefits is allowed against a workers' compensation schedule loss of use award because such award does not duplicate 207-c benefits]).

(Theroux, 1 NY3d at 242).  Pursuant to those differing standards, "police . . . officers may be eligible for Workers' Compensation benefits as a result of circumstances that might not entitle them to General Municipal Law § 207-c benefits" (Balcerak, 94 NY2d at 260).  Specifically, "[w]orkers' compensation benefits are intended to be dispensed regardless of fault, for any injury arising out of and in the course of one's employment . . .[,] [while] [s]ection 207-c benefits . . . are more expansive, but apply to a narrower class of work-related injury, relative to the performance of law enforcement duties" (Auqui, 22 NY3d at 256).  Moreover, separate bodies are charged with determining entitlement to benefits under the Workers' Compensation Law and General Municipal Law § 207-c, in proceedings involving "significantly distinct" burdens and procedures (id. at 256-257; accord Balcerak, 94 NY2d at 261).  Indeed, we have repeatedly explained that, because "the issue involving the entitlement to benefits in the General Municipal Law setting is not . . . the same one decided in a Workers' Compensation determination" (Balcerak, 94 NY2d at 261), a finding by the Workers' Compensation Board that an injury is work-related cannot be given collateral estoppel effect against a municipality that denies an application for section 207-c benefits (see Auqui, 22 NY3d at 256-257; Theroux, 1 NY3d at 242; Balcerak, 94 NY2d at 256-257).

Therefore, we reject the City's argument, also adopted by the dissent, that General Municipal Law § 207-c benefits can

be equated to workers' compensation benefits for purposes of

interpreting the proviso contained in General Municipal Law §

205-e.[2]  The language of section 205-e prohibits only recipients

of <u>workers' compensation benefits</u> from commencing suit against

their employers; it does not, by its terms, bar the commencement

of suits by recipients of <u>section 207-c benefits</u> -- which we have

repeatedly recognized to be separate and distinct from workers'

compensation benefits.  In fact, section 205-e states that the

right contained therein is "[i]n addition to any other right of

action or recovery under any other provision of law" (General

Municipal Law § 205-e [1]).  If the Legislature had intended the

proviso in section 205-e to extend to suits by recipients of

section 207-c benefits, "it easily could have and surely would

have written the statute to say so" (<u>Theroux</u>, 1 NY3d at 240).  As

we recently explained in interpreting section 205-e in <u>Gammons v</u>

<u>City of New York</u>, we "cannot by implication supply in a statute a

provision which it is reasonable to suppose the Legislature

intended intentionally to omit because the failure of the

Legislature to include a matter within the scope of an act may be

---

[2] The Appellate Division decisions relied upon by the
dissent ultimately flow from <u>O'Dette v Parton</u> (190 AD2d 1074 [4th
Dept 1993]), which is inapposite.  In <u>O'Dette</u>, it was
uncontroverted that the plaintiff was entitled to workers'
compensation benefits (see <u>id.</u> at 1075).  To the extent that the
Second and Fourth Departments routinely relied upon <u>O'Dette</u> for
the proposition that entitlement to General Municipal Law § 207-c
benefits for duty-related injuries bars a claim against an
employer under section 205-e even where workers' compensation
benefits are unavailable, that reliance was misplaced.

construed as an indication that its exclusion was intended" (24 NY3d 562, 570 [2014] [internal quotation marks and citations omitted]; see McKinney's Cons Laws of NY, Book 1, Statutes § 74). In other words, "[w]e may not create a limitation that the Legislature did not enact" (Theroux, 1 NY3d at 240).

III.

Extending the bar on suits by recipients of workers' compensation benefits in General Municipal Law § 205-e to the recipients of section 207-c benefits -- as the City and the dissent urge us to do -- would not only be inconsistent with the language of section 205-e itself; it would also be contrary to a number of our prior cases acknowledging that the Legislature's purpose in enacting section 205-e and subsequently amending it was to "abrogate judicial decisions [of this Court] interpreting" the right provided in "General Municipal Law § 205-e restrictively" (Gammons v City of New York, 24 NY3d at 568; see Williams v City of New York, 2 NY3d 352, 363-364 [2004]; Giuffrida v Citibank Corp., 100 NY2d 72, 76-79 [2003]; Gonzalez v Iocovello, 93 NY2d 539, 548-549 [1999]; Schiavone v City of New York, 92 NY2d 308, 313 [1998]). "General Municipal Law § 205-e was originally enacted in 1989 for the express purpose of 'mitigat[ing] the effect of the common law "fireman's rule"' as applied to police officers" (Schiavone, 92 NY2d at 313, quoting Mem of State Exec Dept, L 1989, ch 346, 1989 McKinney's Session Laws of NY, at 2140). Section 205-e "conferred on police

officers the same benefits that section 205-a [had been enacted to] offer[] firefighters, namely, a cause of action for line-of-duty injuries caused by statutory or regulatory violations" (Giuffrida, 100 NY2d at 77).  Because "some courts initially held that section 205-e did not apply retroactively," the statute was first amended in 1990 to "'ensure that causes of action not time-barred or finally adjudicated can be brought under the new law'" (Schiavone, 92 NY2d at 313, quoting Mem of State Exec Dept, L 1990, ch 762, 1990 McKinney's Session Laws of NY, at 2494, 2495).  The 1990 amendment also declared the statute to be remedial in nature (see id.).

In 1992, "the Legislature acted once again, this time in response to court decisions that restricted a police officer's cause of action under General Municipal Law § 205-e to situations where the officer's injuries resulted from 'violations pertaining to the safe maintenance and control of premises'" (Giuffrida, 100 NY2d at 77, quoting L 1992, ch 474, § 1).  That amendment clarified "that an officer would have a right of action for injuries sustained 'in the discharge or performance at any time or place of any duty imposed [by law, etc.]'" (Schiavone 92 NY2d at 314, quoting General Municipal Law § 205-e[1]).

The final substantive amendment took place in 1996, again in response to court decisions that interpreted section 205-e restrictively.  Specifically, the 1996 amendment added subdivision (3) to section 205-e "to permit liability even in

cases where the injury is due to a violation of a codified
common-law duty, constitut[ing] another rejection of a judicial
decision holding otherwise" (Gammons, 24 NY3d at 568-569; see
Gonzalez, 93 NY2d at 549).  In addition, the 1996 amendment
provided that a claim lies under section 205-e even if the
violation did not increase the dangers inherent in a police
officer's job (see Giuffrida, 100 NY2d at 78).  That amendment
was also accompanied by an express statement of "Legislative
intent" indicating that it was "intended to ensure once and for
all that section 205-e of the [G]eneral [M]unicipal [L]aw is
applied by the courts in accordance with its original legislative
intent to offer an umbrella of protection for police officers,
who, in the course of their many and varied duties, are injured
by the negligence of anyone who violates any relevant statute,
ordinance, code, rule and/or regulation" (L 1996, ch 703, § 1).
As we explained in Williams, this "series of amendments to
section 205-e teaches us that we should apply this provision
'expansively' so as to favor recovery by police officers whenever
possible" (2 NY3d at 364 [emphasis added]; see Gammons, 24 NY3d
at 569).

Moreover, the same 1996 enactment that amended General
Municipal Law § 205-e also created General Obligations Law § 11-
106, which "created a distinct right of action for police
officers and firefighters injured by the negligence or
intentional conduct of any person, except an employer or

coemployee" (Gonzalez, 93 NY2d at 549), thereby largely abolishing the firefighter's rule (see Giuffrida, 100 NY2d at 78), but maintaining the common-law bar on tort claims against employers and coemployees (see Williams, 2 NY3d at 363). This Court has long rejected the position of the dissent that the enactment of General Obligations Law § 11-106 evinced a legislative intent to prohibit tort claims against municipal employers; rather, we recognized shortly after that provision was enacted that the legislative history of the 1996 amendment made clear "that the employer exemption in General Obligations Law § 11-106 should not be incorporated into 'the unambiguous terms' of General Municipal Law § 205-e" (Gonzalez, 93 NY2d at 549, quoting L 1996, ch 703, Sponsor's Mem in Support, 1996 NY Legis Ann, at 529 [emphasis added]). Subsequently, we explained that "while a police officer can assert a common-law tort claim against the general public, liability against a fellow officer or employer can only be based on the statutory right of action in General Municipal Law § 205-e" (Williams, 2 NY3d at 363).[3] Particularly because a police officer's right to sue his or her employer is now derived solely from section 205-e, adoption of the City's restrictive interpretation of the statute would

---

[3] Contrary to the dissent's contention that suits by injured police officers against municipal employers have never been recognized in the 25 years since the enactment of General Municipal Law § 205-e, this Court expressly recognized as a general matter that such suits are permissible over a decade ago in Williams v City of New York (2 NY3d 352, 363 [2004]).

contravene the well-settled cannon of statutory construction that remedial statutes -- such as section 205-e (see <u>Schiavone</u>, 92 NY2d at 313) -- "should be construed broadly so as to effectuate their purpose" (<u>Scanlan v Buffalo Pub. School Sys.</u>, 90 NY2d 662, 676 [1997]).

Finally, the City's construction of the statute is inconsistent with the legislative history of the 1996 amendment, which reveals that the New York State Conference of Mayors and Municipal Officials, as well as the Mayors of New York City and Rochester individually, specifically objected to the bill based upon their recognition that General Municipal Law § 205-e, as amended, would permit police officers to sue their employers despite receiving generous benefits under section 207-c, thereby greatly expanding the liability of cities such as Buffalo that do not provide Workers' Compensation benefits for their police officers (see Farrell Letter, July 10, 1996, Bill Jacket, L 1996, ch 703, at 28-29; Johnson Letter, Oct. 8, 1996, Bill Jacket, L 1996, ch 703, at 4; Giuliani Letter, July 8, 1996, Bill Jacket, L 1996, ch 703, at 33). In signing the bill, however, Governor Pataki observed that those municipalities, "by not providing workers' compensation[,] . . . have avoided and will continue to avoid substantial costs" (id.). In other words, the legislative history demonstrates that the Governor, the Legislature and the affected municipalities were aware at the time of the enactment of the 1996 amendment that a municipality that does not provide

workers' compensation could be sued by police officers despite
their receipt of section 207-c benefits.

                              IV.

          In short, we conclude that General Municipal Law § 205-
e, when construed "in an unforced and natural manner" (<u>Theroux</u>, 1
NY3d at 240), cannot be read to bar suits by recipients of
General Municipal Law § 207-c benefits when those police officers
are employed by municipalities that have elected not to provide
workers' compensation coverage.  The contrary interpretation
urged by the City and the dissent is inconsistent with the plain
words of the statute, as well as the express statement of
legislative intent and the legislative history of the statute.
The City's interpretation also conflicts with our prior decisions
recognizing that the statute should be applied expansively and
disregards the distinctions between workers' compensation
benefits and section 207-c benefits long recognized by this
Court.  Claimants' remaining argument is unpreserved.

          Accordingly, the order of the Appellate Division should
be reversed, with costs, and the matter remitted to that court
for consideration of issues raised but not determined on the
appeal to that court.

Matter of Diegelman v City of Buffalo, et al.

No. 168


PIGOTT, J. (dissenting):

Section 205-e of the General Municipal Law -- the provision under which plaintiff seeks to impose liability against his municipal employer -- was passed by the Legislature in 1989 (see L 1989, ch 346, § 1). That section was enacted, in large part, in response to this Court's decision in Santangelo v State (71 NY2d 395 [1988]), where we held that on-duty police officers were not entitled to recover for injuries sustained in the line of duty as a result of the negligence of third parties (see Senate Introducer's Mem in Support, Bill Jacket, L 1989, ch 346 at 5; see also Letter to Executive Chamber, June 30, 1989 at 6, Bill Jacket, L 1989, ch 346). The statute provides that, so long as the injured officer could show that the third party failed to comply with the requirements of any statute, ordinance, rule or order of a government entity, the injured officer could bring a negligence cause of action against the third party.

When enacting section 205-e, the Legislature recognized that permitting officers to bring negligence actions against third parties could result in fiscal savings to the municipal employer. Since the injured police officers (living in

- 1 -

municipalities with a population of less than one million)[1] were already entitled to receive their salaries and payment of their medical bills and hospital fees pursuant to General Municipal Law § 207-c, the municipality could now file a lien and recoup those costs from the third party wrongdoer (see Senate Introducer's Mem in Support, Bill Jacket, L 1989, ch 346 at 5).

Nowhere in the legislative history of the enactment of section 205-e did the Legislature indicate that it intended for the injured employee to commence a lawsuit against the municipal employer providing section 207-c benefits.  Indeed, appellate courts routinely recognized that section 207-c benefits were the injured police officer's exclusive remedy against his or her municipal employer (see e.g. Nieves v City of Yonkers, 268 AD2d 412 [2d Dept 2000]; Damiani v City of Buffalo, 198 AD2d 814 [4th Dept 1993]).

While elected officials expressed a fear during debate concerning the 1996 amendments that section 205-e could be viewed as giving injured officers a viable cause of action against their municipal employer, the Legislature made clear that the

---

[1]All municipalities except New York City are compelled to provide full salary and healthcare benefits to their firefighters and police officers injured while on duty pursuant to the General Municipal Law. Therefore, the Legislature has chosen to treat New York City differently and there is no basis to compare section 207-c to the rules pertaining to that municipality.  Nor is there any basis to rely on prior precedent of this Court that involved injured police officers suing the City of New York under section 205-e to determine the issue at hand.

common-law bar on tort claims against municipal employers

remained (see General Obligations Law § 11-106), thereby

evidencing its continued intention to prohibit such suits.

Further, the Legislature did not alter the language of section

205-e in any way to indicate a change in the statute's original

intent, which was to provide municipal employers paying 207-c

benefits a fiscal savings, not subject them to liability.  In the

more than 25 years since the enactment of 205-e, an injured

police officer suing his or her municipal employer has remained

anathema.[2]

The majority spends much of its time distinguishing

worker's compensation from section 207-c benefits.  But that

analysis begs the question:  Why would an injured officer

receiving section 207-c benefits, as opposed to workers'

compensation, be entitled to sue his or her employer?  Indeed,

this Court has recognized that section 207-c benefits are

expansive (even more so than workers' compensation benefits).

Injured officers receive their full amount of regular salary or

wages, and the municipality is "liable for all medical treatment

and hospital care necessitated by the injury or illness," which

payments "continue 'even' after the employee's retirement and are

_____

[2]The majority notes our decision in Williams v City of New
York (2 NY3d 352, 363 [2004]) for the proposition that this Court
has recognized suits against municipal employers under section
205-e (see maj opn at n 3).  Williams, however, involved lawsuits
against the City of New York and did not involve injured police
officers receiving section 207-c benefits.

bestowed in addition to any retirement allowance or pension" (Theroux v Reilly, 1 NY3d 232, 239 [2003]). The fact that section 207-c provides different benefits than workers' compensation, however, does not authorize an officer to bring a lawsuit against his or her municipal employer.  The more expansive benefits available under section 207-c compels just the opposite conclusion.

The legislative history of section 205-e provides no explanation for the distinction the majority attempts to make between workers' compensation and 207-c benefits because there is none.  In my view, injured officers are no more entitled to commence an action against their municipal employer pursuant to section 205-e when they are receiving section 207-c benefits, than if they were receiving benefits under workers' compensation. Therefore, I dissent.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, with costs, and matter remitted to the Appellate Division, Fourth Department, for consideration of the facts and issues raised but not determined on the appeal to that court. Opinion by Judge Stein.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Fahey and Garcia concur.  Judge Pigott dissents and votes to affirm in an opinion.


Decided November 21, 2016