# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**711/15**
**CA 14-01919**
PRESENT: WHALEN, P.J., CENTRA, CARNI, AND SCUDDER, JJ.

---

IN THE MATTER OF JAMES R. DIEGELMAN AND
ANDREA M. DIEGELMAN, CLAIMANTS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

CITY OF BUFFALO AND CITY OF BUFFALO BOARD OF
EDUCATION, RESPONDENTS-APPELLANTS.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR CLAIMANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.H.O.), entered January 16, 2014. The order granted the application of claimants for leave to serve a late notice of claim. The order was reversed by order of this Court entered June 12, 2015 in a memorandum decision (129 AD3d 1527), and claimants on December 15, 2015 were granted leave to appeal to the Court of Appeals from the order of this Court (26 NY3d 913), and the Court of Appeals on November 21, 2016 reversed the order and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court (28 NY3d 231).

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondents appeal from an order that granted claimants' application for leave to serve a late notice of claim. We previously held that the application should have been denied as patently without merit on the ground that the claim was barred by General Municipal Law § 207-c, but the Court of Appeals concluded that the claim was not so barred (*Matter of Diegelman v City of Buffalo*, 28 NY3d 231, *revg* 129 AD3d 1527). The Court therefore reversed our order and remitted the matter to this Court "for consideration of issues raised but not determined on the appeal" (*id.* at 241). We now conclude that Supreme Court did not abuse its discretion in granting claimants' application.

The proposed notice of claim states that the claim is for personal injuries sustained by James R. Diegelman (claimant) during his employment as a police officer by respondent City of Buffalo. Claimants allege that claimant suffers from metastatic malignant mesothelioma as the result of his exposure to asbestos at several locations owned by respondents. Claimants submitted evidence that their application was made within one year and 90 days after the claim accrued (*see* General Municipal Law § 50-e [1] [a]; [5]; § 50-i), i.e., upon claimant's diagnosis (*see* CPLR 214-c [2]; *Matter of New York County DES Litig.*, 89 NY2d 506, 508-509). In determining whether to grant claimants' application, the court was required to consider "all relevant facts and circumstances," including the "nonexhaustive list of factors" in section 50-e (5) (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539; *see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460-461). "[T]he presence or absence of any one of the numerous relevant factors the court must consider is not determinative" (*Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 938-939). The three main factors are whether the claimants have shown a reasonable excuse for the delay, whether respondents had actual knowledge of the facts surrounding the claim within 90 days of its accrual "or within a reasonable time thereafter," and whether the delay would cause substantial prejudice to the municipality (§ 50-e [5]; *see Dalton v Akron Cent. Schs.*, 107 AD3d 1517, 1518, *affd* 22 NY3d 1000).

Here, even assuming, arguendo, that claimants failed to provide a reasonable excuse for their delay, we conclude that the remaining factors support the court's exercise of discretion in granting their application. Although respondents did not obtain knowledge of the facts underlying the claim until approximately nine months after the expiration of the 90-day period, we conclude under the circumstances of this case that "this was a reasonable time, particularly in light of the fact that respondent[s] do[ ] not contend 'that there has been any subsequent change in the condition of the [premises] which might hinder the investigation or defense of this action' " (*Matter of Edwards v Town of Delaware*, 115 AD2d 205, 206). Moreover, claimants made a sufficient showing that the late notice will not substantially prejudice respondents, and respondents failed to "respond with a particularized evidentiary showing that [they] will be substantially prejudiced if the late notice is allowed" (*Newcomb*, 28 NY3d at 467). We therefore conclude that the court "properly exercised its broad discretion in granting [claimants'] application pursuant to General Municipal Law § 50-e (5)" (*McBee v County of Onondaga*, 34 AD3d 1360, 1360).

Entered: March 24, 2017                        Frances E. Cafarell
                                               Clerk of the Court