OPINION OF THE COURT William J. Giacomo, J. In an action to recover damages for personal injuries, the petitioner moves for leave to renew his motion to file a late notice of claim which was denied in an order of this court dated December 11, 2014. Factual and Procedural Background On April 24, 2014, petitioner firefighter was injured while participating in a training exercise for the City of Yonkers Fire Department. Petitioner alleges that he was instructed to jump, head first, out of a second story window approximately 10 to 11 feet off the ground while connected to a harness. Petitioner tied off and while safety mats were available in the event the harness failed to prevent him from falling to the ground, those mats were not used in this particular exercise. Petitioner alleges that he jumped out of the second story window and fell directly onto the concrete ground below. By order to show cause dated September 16, 2014, petitioner moved for leave to file a late notice of claim. In opposition, the respondent argued, among other things, that since petitioner applied for and was receiving General Municipal Law § 207-a disability benefits, his sole remedy was the receipt of those disability benefits. In an order dated December 11, 2014, this court denied petitioner’s motion to file a late notice of claim on the grounds that his exclusive remedy was the General Municipal Law § 207-a disability benefits he was receiving and that he was barred from commencing a negligence action against respondent, his employer. The court relied upon Petendree v City of Yonkers (270 AD2d 403 [2d Dept 2000]), which held that the receipt of disability benefits pursuant to General Municipal Law § 207-a is the exclusive remedy and bars any General Municipal Law § 205-a claims against the petitioner’s employer. Petitioner now moves to renew his motion to file a late notice of claim pursuant to a change in law by the Court of Appeals in Matter of Diegelman v City of Buffalo (28 NY3d 231 [2016]). Upon renewal, petitioner argues that the motion for leave to file a late notice of claim was made within the statutory limitation period, the City of Yonkers received actual notice of the events on the day the accident occurred, the delay will not prejudice the City of Yonkers, and a meritorious claim exists. Respondent opposes the motion arguing that renewal should be denied based upon untimeliness and that in any event, the petitioner failed to demonstrate entitlement to file a late notice of claim. Discussion I. Motion to Renew A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law (see CPLR 2221 [e] [2]). A motion for leave to renew shall be based on new facts not offered on the original motion or “shall demonstrate that there has been a change in the law that would change the prior determination” (CPLR 2221 [e] [2]). Absent circumstances set forth in CPLR 5015, which are inapplicable here, a motion for leave to renew based upon a change in the law must be made prior to the entry of a final judgment or before the time to appeal has expired (see Dinallo v DAL Elec., 60 AD3d 620 [2d Dept 2009]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364 [2d Dept 2000]). Here, although this court’s December 11, 2014 decision and order was served with notice of entry and petitioner did not file a notice of appeal therefrom, a final judgment has not been entered in this proceeding. Neither party has submitted a final judgment with their motion papers. Therefore, since petitioner has made the instant motion to renew prior to the entry of a final judgment, the motion is timely. Petitioner argues that pursuant to the Court of Appeals decision in Matter of Diegelman v City of Buffalo (28 NY3d 231 [2016]), the receipt of disability benefits pursuant to General Municipal Law § 207-a does not preclude a claim against respondent pursuant to General Municipal Law § 205-a. It is well settled that workers’ compensation benefits are “[t]he sole and exclusive remedy of an employee against his employer for injuries in the course of employment” (Gonzales v Armac Indus., 81 NY2d 1, 8 [1993]). This precludes suits against an employer for injuries in the course of employment. “In exchange for the security of knowing that fixed benefits will be paid without the need to resort to expensive and sometimes risky litigation, . . . the employee has been asked to pay a price in the form of the loss of his common-law right to sue his employer in tort and perhaps to enjoy a more substantial recovery through a jury award” (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 159-160 [1980]). In Weiner v City of New York (19 NY3d 852 [2012]), the plaintiff, who was employed by the New York City Fire Department as an emergency medical technician, was injured while responding to a report of an injured person. The plaintiff applied for and received workers’ compensation benefits from his employer, the City of New York. Subsequently, Weiner commenced an action against the City alleging a cause of action under General Municipal Law § 205-a. The Appellate Division, Second Department, agreed with the City that Weiner’s action was barred by his receipt of workers’ compensation benefits. The Court of Appeals affirmed. Weiner argued that he was able to commence an action against the City pursuant to General Municipal Law § 205-a, because that statute gives a right of action to “any officer, member, agent or employee of any fire department” who is injured on duty, “ [i] n addition to any other right of action or recovery under any other provision of law” (General Municipal Law § 205-a [1]). The Court of Appeals held: “Weiner’s . . . argument relie [d] on a difference in wording between General Municipal Law § 205-a (pertaining to firefighters) and General Municipal Law § 205-e (pertaining to police officers). Section 205-e contains the same statement found in section 205-a that the cause of action created by the statute exists ‘[i]n addition to any other right of action or recovery under any other provision of law’ (General Municipal Law § 205-e [1]). But section 205-e (pertaining to police officers) explicitly provides that ‘nothing in this section shall be deemed to expand or restrict any right afforded to or limitation imposed upon an employer, an employee or his or her representative by virtue of any provisions of the workers’ compensation law’ (General Municipal Law § 205-e [1]). Weiner contends that the omission of this language concerning Workers’ Compensation Law in section 205-a with respect to firefighters was deliberate. We disagree. “Had the Legislature intended to give firefighters, but not police officers, the right to sue as well as receive workers’ compensation benefits, this distinction, we are certain, would have been evident in the legislative history. It is not. To the contrary, in his Memorandum approving the last major amendment of General Municipal Law § 205-a, in 1996, Governor Pataki expressly stated that municipalities (outside New York City) “ ‘that provide workers’ compensation for their firefighters and police officers . . . will not incur any additional liability, for nothing in the bill affects the provisions of existing law stipulating that the right to compensation or benefits under the workers’ compensation law is the exclusive remedy an employee has against an employer or co-employee for injuries incurred in the course of his or her employment’ (Governor’s Approval Mem, Bill Jacket, L 1996, ch 703, reprinted in 1996 McKinney’s Session Laws of NY, at 1936 [emphasis added]). “We conclude that it was not the intent of the Legislature to allow recipients of workers’ compensation benefits to sue their employers in tort under section 205-a.” (Weiner v City of New York, 19 NY3d at 854-855.) In Diegelman, the Court was asked to determine whether a police officer who is entitled to receive benefits under General Municipal Law § 207-c for a duty-related injury is barred from bringing a claim against his or her employer under General Municipal Law § 205-e. The Court held that “where the municipal employer has elected not to provide coverage pursuant to the Workers’ Compensation Law, a police officer who suffers a line-of-duty injury caused by the employer’s statutory or regulatory violations may pursue a section 205-e claim.” (Matter of Diegelman v City of Buffalo, 28 NY3d at 233.) The Court held that the language of section 205-e “prohibits only recipients of workers’ compensation benefits from commencing suit against their employers . . . [and] .does not, by its terms, bar [actions] by recipients of section 207-c benefits— which we have repeatedly recognized to be separate and distinct from workers’ compensation benefits” (Matter of Diegelman v City of Buffalo, 28 NY3d at 237-238 [emphasis omitted]). “Workers’ Compensation Law § 30 (3) provides that ‘any salary or wages paid . . . , or the cost of any medical treatment or hospital care provided [,]... under and pursuant to the provisions of section [207-c] shall be credited against any award of [workers’] compensation.’ As this Court has previously recognized, the purpose of Workers’ Compensation Law § 30 (3) is to ‘avoid duplication of benefits’ inasmuch as there is some overlap between workers’ compensation benefits and section 207-c benefits. However, workers’ compensation benefits and General Municipal Law § 207-c benefits are neither equivalent nor ‘mutually exclusive’ such that the payments of benefits under one statute forecloses payment under the other statute. Rather, the two statutory compensation systems are independent of each other” (Matter of Diegelman v City of Buffalo, 28 NY3d at 235-236 [citations omitted]). Thus, the Court concluded: “In short, we conclude that General Municipal Law § 205-e . . . cannot be read to bar suits by recipients of General Municipal Law § 207-c benefits when those police officers are employed by municipalities that have elected not to provide workers’ compensation coverage. The contrary interpretation urged by the City and the dissent is inconsistent with the plain words of the statute, as well as the express statement of legislative intent and the legislative history of the statute. The City’s interpretation also conflicts with our prior decisions recognizing that the statute should be applied expansively and disregards the distinctions between workers’ compensation benefits and section 207-c benefits long recognized by this Court” (Matter of Diegelman v City of Buffalo, 28 NY3d at 241). Here, Diegelman reflects a change in the law that would permit petitioner, who is receiving disability benefits pursuant to General Municipal Law § 207-a, to commence an action against respondent, his employer.* Therefore, based upon the foregoing, petitioner’s motion to renew is granted. II. Motion for Leave to File a Late Notice of Claim “A petition for leave to serve a late notice of claim is addressed to the sound discretion of the court” (Matter of Harper v City of New York, 69 AD3d 939, 940 [2d Dept 2010]; Nurena v Westchester County, 120 AD3d 781 [2d Dept 2014]). In determining whether to grant an application for leave to serve a late notice of claim, the court must consider (1) whether the respondent had actual knowledge of the essential facts constituting the claim within the time required for service of a timely notice of claim or a reasonable time thereafter, (2) whether the claimant had a reasonable excuse for failing to serve a timely notice of claim, and (3) whether the respondent would be substantially prejudiced in its defense on the merits if the application were to be granted (Munro v Ossining Union Free School Dist., 55 AD3d 697, 698 [2d Dept 2008], citing Matter of Jackson v Board of Educ., Colton-Pierrepont Cent. School Dist., 194 AD2d 901, 903-904 [3d Dept 1993]). The first factor is entitled to the greatest weight, but no factor is determinative (see Munro v Ossining Union Free School Dist., 55 AD3d at 699; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2d Dept 2008]; Catterson v Suffolk County Dept. of Health Servs., 49 AD3d 792, 794 [2d Dept 2008]). Initially, it is noted that petitioner’s ignorance of the notice of claim requirement is not an acceptable excuse (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 150; Matter of Pico v City of New York, 8 AD3d 287, 288 [2d Dept 2004]; Matter of Termini v Valley Stream Union Free School Dist. No. 13, 2 AD3d 866 [2d Dept 2003]). However, the absence of a reasonable excuse is not necessarily fatal to permit service of a late notice of claim (see Jordan v City of New York, 41 AD3d 658, 659 [2d Dept 2007]; Matter of March v Town of Wappinger, 29 AD3d 998 [2d Dept 2006]; Matter of Alvarenga v Finlay, 225 AD2d 617 [2d Dept 1996]). Here, petitioner argues that the respondent had actual knowledge of the essential facts constituting the claim on the date of the accident. Petitioner relies upon an April 24, 2014 medical leave report prepared by the City of Yonkers Fire Department. The report, prepared by the officer in charge, provides the date and time of the injury and states, “I observed FF Garret Lockwood injured [sic] his back and right ankle while at PES bailout system training at 460 Nepperhan Avenue SOC.” The report indicates that petitioner was taken by ambulance to the emergency room at Westchester Medical Center. Respondent argues that the medical leave report does not provide actual knowledge because there is no indication from the report that the City acted with negligence. In order for the report to have provided actual knowledge of the essential facts, one must have been able to readily infer from the report that a potentially actionable wrong had been committed by the respondent (see Kuterman v City of New York, 121 AD3d 646 [2014]; Matter of Devivo v Town of Carmel, 68 AD3d 991, 992 [2009]). However, this court finds that the medical leave report together with the petitioner’s application for disability benefits, dated May 16, 2014, wherein he states in detail how the accident occurred and that the safety line failed to catch him and did not stop him from hitting the ground and that there were two safety mats in place under the opening of the window where he dove out, provided the respondent with actual knowledge of the essential facts constituting the claim. In addition, under the circumstances of this case, the respondent acquired knowledge of the claim within a reasonable time after the expiration of the 90-day period. Indeed, the 90-day period expired on July 24, 2014, and petitioner served the motion to file a late notice of claim on or about September 16, 2014, a time when those who witnessed the accident would be expected to have still been available. Proof that the respondent had actual knowledge is an important factor in determining whether the respondent is substantially prejudiced by the delay in serving the notice of claim (Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152; Jordan v City of New York, 41 AD3d 658 [2d Dept 2007]; Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623 [2d Dept 2006]). No evidence has been presented that respondent would be prejudiced by the delay. In considering the relevant factors, particularly respondent’s actual knowledge of the essential facts constituting the claim, and the relatively short delay in serving the motion requesting permission to file a late notice of claim upon respondent, petitioner’s motion to file a late notice of claim is granted (see Matter of Diegelman v City of Buffalo, 148 AD3d 1692 [4th Dept 2017] [holding, on remand, that even assuming that claimants failed to provide a reasonable excuse for their delay, the remaining factors supported the court’s exercise of discretion in granting their application. Although respondents did not obtain knowledge of the facts underlying the claim until approximately nine months after the expiration of the 90-day period, it was a reasonable time, particularly in light of the fact that respondents did not contend that there had been any subsequent change in the condition of the premises which might hinder the investigation or defense of this action. Moreover, claimants made a sufficient showing that the late notice would not substantially prejudice respondents]). Although the petitioner lacks a reasonable excuse for his failure to timely serve his notice of claim, the lack of a reasonable excuse is not dispositive when, as here, there is timely actual notice and the absence of prejudice (see Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940 [2d Dept 2016]; Matter of March v Town of Wappinger, 29 AD3d 998, 999 [2006]). Accordingly, petitioner’s motion to renew is granted, and upon renewal, petitioner’s motion to file a late notice of claim is granted. As long as he is not receiving workers’ compensation benefits (see Weiner v City of New York, 19 NY3d 852 [2012]).