Leonard v Motor Veh. Acc. Indem. Corp. (2019 NY Slip Op 06893)





Leonard v Motor Veh. Acc. Indem. Corp.


2019 NY Slip Op 06893


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


780 CA 19-00503

[*1]JESICA LEONARD, PETITIONER-RESPONDENT,
v
MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, RESPONDENT-APPELLANT. 






KORNFELD, REW, NEWMAN & SIMEONE, SUFFERN (WILLIAM S. BADURA OF COUNSEL), FOR RESPONDENT-APPELLANT.
FITZSIMMONS, NUNN & PLUKAS, LLP, ROCHESTER (JASON E. ABBOTT OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Debra A. Martin, A.J.), entered September 14, 2018. The order granted petitioner's application for leave to file a late notice of claim against respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order granting petitioner's application for leave to file a late notice of claim against it. We affirm. On December 21, 2017, petitioner, a hospital employee, was injured while assisting a patient into a vehicle at the hospital entrance. While standing next to the vehicle, she was struck by a passing vehicle that stopped momentarily, but then drove off. The police investigated the accident and issued a report. On July 16, 2018, petitioner filed an application for leave to file a late notice of claim against respondent pursuant to Insurance Law § 5208 (b) (2).
Where, as here, a petitioner has a cause of action for damages for bodily injury arising out of the accident, but the cause of action is against a person whose identity is unascertainable, he or she may seek the protection provided by respondent by filing an affidavit with respondent within 90 days of the accrual of the cause of action (see Insurance Law § 5208 [a] [2] [A] [i-iii]). In addition, where, as here, a petitioner fails to file such an affidavit prior to the expiration of that period, a court may grant leave to file an affidavit within a reasonable time thereafter, but no later than one year after the cause of action accrued (see § 5208 [b] [2]; [c]). A petitioner must submit "facts which caused the delay and that it was not reasonably possible to file the affidavit within the specified period and that the affidavit was filed as soon as was reasonably possible" (§ 5208 [b] [1]; see § 5208 [b] [2]). The court shall consider "whether [respondent] acquired actual knowledge of the essential facts constituting the claim within [180 days of the accrual of the cause of action] or a reasonable time thereafter" (§ 5208 [b] [2]; see § 5208 [a] [1]). The court shall also consider "all other relevant facts and circumstances, including whether . . . [t]he delay in filing substantially prejudiced [respondent] in maintaining a defense on the merits" (§ 5208 [b] [2] [C]). We note that the relevant statutory language is in many respects identical to that used in General Municipal Law § 50-e (5) regarding late notices of claim in tort actions against municipalities, and thus reliance on case law applying section 50-e (5) is appropriate.
We conclude that Supreme Court did not abuse its discretion in granting the application (see Matter of Craver v Motor Veh. Acc. Indem. Corp., 238 AD2d 956, 956 [4th Dept 1997]; see also Matter of Diegelman v City of Buffalo, 148 AD3d 1692, 1693 [4th Dept 2017]). Petitioner averred that her delay in filing stemmed from the fact that she did not own, possess, or insure any motor vehicle, and she did not know of respondent or its purpose until she sought legal advice in early July 2018. The court found that the lack of understanding that coverage may exist for a hit-[*2]and-run accident was "a common and excusable misunderstanding." The affidavit was thus filed "as soon as was reasonably possible" (Insurance Law § 5208 [b] [1]; see § 5208 [b] [2]). In addition, respondent acquired actual knowledge of the essential facts constituting the claim when petitioner filed her application. Although not within the 180 days prescribed by the statute, it was within "a reasonable time thereafter" (§ 5208 [b] [2]; see § 5208 [a] [1]; Nationwide Ins. Co. v Village of Alexandria Bay, 299 AD2d 855, 856 [4th Dept 2002]).
Finally, petitioner averred that respondent would not be prejudiced by the delay because the police department investigated the accident, and the hospital documented her injuries. Respondent failed to rebut that showing "with particularized evidence" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467 [2016], rearg denied 29 NY3d 963 [2017]). In fact, respondent did not even allege that it would suffer any prejudice from the late filing. Respondent's contention that it was prejudiced because it lost the opportunity to examine and preserve the hospital video footage is improperly raised for the first time on appeal (see Matter of Tejada v City of New York, 161 AD3d 876, 878 [2d Dept 2018]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court